## GILES *against* BRADLEY, Executrix, &c.

A. purchased a negro slave of B. for 200 dollars, for which he gave B. his bill, payable in five months; and it was agreed between the parties, that if A. or *his* wife did not like the slave, B. would take him back, if he was returned any time within five months, and refund the purchase money; A. offered to return the slave within the five months, and B. refused to take him or to refund the money. A. having paid the bill, brought an action against B. to recover the amount of the purchase-money; and it was held that A. was entitled to recover the amount, as damages for the non-performance of the agreement.

THIS was a special action on the case, brought to recover back the purchase-money of a negro slave, sold by the defendant's testator to the plaintiff. A verdict was found for the plaintiff, subject to the opinion of the court, on the following case.

On the 19th November, 1798, the plaintiff purchased of the defendant's testator a negro slave for 200 dollars, for the payment of which sum the plaintiff executed to the defendant's testator a single bill, payable in five months, with interest; and the bill was afterwards paid by the plaintiff.

At the time of the purchase, it was agreed between the plaintiff and the testator, that if the plaintiff or his wife did not like the boy, the testator would take him back, upon his being returned at any time within five months from the time of the purchase; and that the testator would thereupon refund the purchase money to the plaintiff. *The [*254] plaintiff, not liking the boy, returned him to the testator within five months from the time of the purchase, assigning as a reason that the plaintiff did not like the boy; but the testator refused to receive him, or to refund the purchase money.

*Troup*, for the plaintiff.

*Burr*, contra.

RADCLIFF, J. delivered the opinion of the court. This action is well brought. There can be no doubt but that a contract may be so made as to be optional on one of the parties, and obligatory on the other, or obligatory at the election

of one of them. (Doug. 23. 1 Term Rep. 132, 133. Cowp. 818.)(*a*) The convenience of parties, in cases like the present, may often require such terms ; and there are frequent instances of such agreements being held valid in law. Considering them as valid, I can see nothing in the present case to preclude the plaintiff from a recovery. This is not the case of a written contract. It was wholly by *parol*, and does not come within the rule of evidence concerning written agreements. The single bill was no part of the contract for the purchase, but was made in *pursuance* of it. The purchase was necessarily antecedent, and the execution of the bill a subsequent act, and a part performance of the contract. The bill, therefore, cannot be considered as a writing, which contained the agreement for the purchase. In the case of *Weston* v. *Downes*, (Doug. 23,) on a similar contract, for the purchase of a pair of horses, the money was actually paid at the time of the purchase, and yet the payment was not considered to affect the plaintiff's right to recover on the agreement. The bill, in the present case, was but a *security* for the payment, and certainly cannot have a greater effect than the payment itself. If the money [*255] *had also been paid, I think it might as well be said that the receipt for the payment contained the agreement for the purchase, and should conclude the plaintiff, as that the bill should now *conclude him. It would be equally* entitled to be considered as the written evidence of the contract.

The subsequent payment of the bill, connected with the circumstance, that the period of five months, at the expiration of which it was made payable, was the same within which the negro was to be returned, might afford the pre-

(*a*) Thus where A. agreed to deliver to B. by the first of May, from 700 to 1000 barrels of meal, for which B. agreed to pay on delivery, at the rate of six dollars per barrel, and A. delivered 700 barrels, and also before the day tendered to B. 300 barrels more to make up the 1,000 barrels, which B. refused ; it was held that B. was bound to receive and pay for the whole 1,000 barrels : the delivery of any quantity between 700 and 1,000 barrels, being at the option of A. only, and for his benefit. (*Disborough et al.* v. *Neilson et al.* 3 Johns. Cas. 81.)

sumption that the plaintiff had thereby made his election, and determined the contract. But in answer to this, it is expressly stated, that the testator agreed that the money should be *refunded* on the return of the negro. The agreement to *refund* controls the presumption, and shows that a payment was contemplated as optional in the plaintiff, before the expiration of the five months, which must, of course, have been intended, to be without prejudice to his right of returning the negro.

It has been objected, that as the plaintiff could not, on the ground now taken, have made a defence to an action on the bill, he cannot be permitted, in another action, to recover back the consideration money for which it was given. The principle of this objection, if applicable to the case, is founded on the idea that the present action is brought to recover back the precise and identical sum for which the bill was given. This I apprehend to be altogether a mistake. The object of this action is to obtain damages for the non-performance of the agreement on which it is founded ; and those damages may vary, according to the circumstances of the case. They may be more or less than the amount of the bill, and are not controlled or regulated by it. It is not, therefore, the case of a party seeking to recover back money which he was legally bound to pay, and which, in a former action, he could not resist. The plaintiff's right is consistent with the payment or recovery *of the bill. In their nature, [*256] they are different demands, and may be essentially different in amount.

I can, therefore, see no ground on which this action ought to be denied. Indeed, it appears to me new and extraordinary, that a single act, (like the present bill,) done in *pursuance* of a contract, should be set up to destroy all the terms of that contract. If the title to this negro had failed, or if his age or any other circumstances were materially different from what was represented and warranted by the testator, as well might it be pretended that this bill would retrospect, and defeat all the previous agreements between the parties. I

cannot believe it to possess this destructive quality, or ascribe to it such important effects.

We are of opinion that the plaintiff is entitled to judgment.

Judgment for the plaintiff.(a)

(a) Where, by the terms of a contract, it is left in the power of one of the contracting parties to rescind it, and he does so, and money has been received upon the contract, it may be recovered back by an action of *indebitatus assumpsit*. It is only when the contract *remains open* that the plaintiff must state the contract and breach specially. Thus, if A. sell a horse to B , and agree that if the latter dislikes and redelivers the horse to C., C. will repay the money ; or otherwise, he will, an action for money had and received lies by B. against A. (3 Lev. 364. Com. Dig. tit. Action of Assumpsit, A. 1.) Thus, in the case of *Towers v. Barrett,* (1 T. R. 133,) which was an action of *indebitatus assumpsit* for money had and received : and on the trial it appeared that the suit was instituted by the plaintiff to recover ten guineas, which he had paid to the defendant for a one horse chaise and harness, on condition to be returned in case the plaintiff's wife should not approve of it, paying 3s. 6d. *per diem* for the hire of it. This contract was made by the defendant's servant, but his master did not object to it at the time. The plaintiff's wife not approving of the chaise, it was sent back at the expiration of three days, and left on the defendant's premises, without any consent on his part to receive it. The hire of 3s. 6d. *per diem* was tendered at the same time, which the defendant refused, as well as to return the money. It was objected, that an *indebitatus assumpsit* for money had and received would not lie ; but that the action should have been on the special contract. The court, however, determined that the action for money had and received was maintainable ; for the condition was to return the chaise if not approved of; therefore, the moment it was returned, the contract was at an end, and the defendant held the money against conscience, and without consideration. Buller, Just., said, " The distinction between those cases where the contract is open, and where it is not so, is this : if the contract be rescinded, either as in this case, by the original terms of the contract, where no act remains to be done by the defendant himself, or by a subsequent assent of the defendant, the plaintiff is entitled to recover back his whole money ; and then an action for money had and received will lie." (See Comyn on Contracts, Am. ed. of 1835, 374, *et seq. Stevens v. Lyford,* 7 New Hamp. 360 )