Van Wormer
v.
Van Voast.

## VAN WORMER *vs.* VAN VOAST.

Where a defendant in execution was seen off the limits on *Sunday* by his creditor, who held out inducements to him to remain off the limits until *Monday*, with the intent to fix the sheriff for the escape; *it was held,* that the device of the creditor was fraudulent, and that he was not entitled to maintain an action against the sheriff for the escape.

ERROR from Schenectady common pleas. Van Wormer sued Van Voast, sheriff of Schenectady, in a justice's court, for the escape of one *John Sitterly* from the limits of the jail, he being in execution at the suit of Van Wormer on a justice's judgment for about $16. The justice rendered judgment in favor of the plaintiff. The defendant sued out a *certiorari* to the Schenectady common pleas. On the trial in that court, the following facts appeared : Sitterly was on the limits, at the suit of Van Wormer ; on *Sunday,* the 2d May, 1830, he left the limits and went to the house of Van Wormer, to see whether he would not hire him to work for him. Van Wormer offered Sitterly $9 per month ; Sitterly demanded $10 per month ; Van Wormer told him he would not hire him that day, *for it was Sunday,* but if he would stay till Monday and they could agree, he would hire him ; if he would work a month and a half, they would be square with the note. On Monday morning, the 3d May, Van Wormer was at a constable's house half an hour before sunrise, and wished him to procure a summons for the *sheriff,* telling him that *John Sitterly* was off the limits, at his house ; and at the same time told the constable that he had not seen Sitterly that morning. A summons was issued at noon of that day, at which time Sitterly was shewn to be off the limits. The common pleas *reversed* the justice's judgment, and Van Wormer sued out a writ of error.

*A. C. Paige,* for plaintiff in error, insisted that Van Wormer, having induced Sitterly to remain off the limits until *Monday,* when, but for those inducements, he would probably have returned to the limits before a suit could have been com-

menced against the sheriff, ought not in justice to be allowed to maintain the action.

*M. T. Reynolds*, contra.

*By the Court,* SUTHERLAND, J.   I think the evidence warranted the conclusion, that although the plaintiff may not originally have been instrumental in procuring the prisoner to leave the limits, yet that he held out inducements to him to remain at his house until Monday morning, with the fraudulent intent of fixing the sheriff for the escape.   Volk, the witness, testified that on Sunday, the 2d of May, Sitterly, the prisoner, came to the witness's house to get him to go with him to the plaintiff's, to see if the plaintiff would hire him to work; they accordingly went, but the plaintiff and Sitterly could not agree.   The plaintiff told Sitterly he would not hire him that day, for it was Sunday ; but if he would stay until Monday and they could agree, he would hire him ; that if he, Sitterly, would work a month and an half, they would be square with the note.   The plaintiff afterwards told the witness he had given Sitterly one shilling for cleaning his horse on the 3d May.   McMichael, a constable, testified that the plaintiff came to his house half an hour before sunrise on the 3d of May, and wanted him to go to Viner, a justice of the peace, and get a summons for the sheriff, Van Voast ; for he said Sitterly was then off the limits, at his, the plaintiff's, house.   The plaintiff also said he had not seen Sitterly that morning.   This shows conclusively the object of the plaintiff in inducing Sitterly to remain all night at his house.   The declaration that he would hire him in the morning, if they could agree, was a mere pretext ; for before the plaintiff saw him in the morning, and before any further negotiation took place between them, and while Sitterly was probably yet in bed and asleep, the plaintiff causes this suit to be commenced against the sheriff for the escape.   An assent or agreement on the part of a plaintiff, *subsequent* to an escape, that the debtor may remain out of the limits without a new consideration, will not discharge the judgment or the sheriff ; for the right of action having once accrued, nothing but a *release* or

an agreement for a valuable consideration can defeat the action. 1 *Salk.* 271. 16 *Johns. R.* 181. But where there is a good consideration for the subsequent agreement, the sheriff will be discharged. *Powers* v. *Wilson, sheriff of Clinton,* 7 *Cowen,* 274. It might be contended in this case that the negotiation for hiring the prisoner, by which either this or some other debt due from him to the plaintiff was to be satisfied, was a valuable consideration for the licence to remain off the limits until Monday morning; but I prefer putting it upon the ground of a *fraudulent device* on the part of the plaintiff, for the express purpose of *charging* the plaintiff, as was said by the court in *Sweet* v. *Palmer,* 16 *Johns. R.* 183. It would be an affront to justice to permit such a device to be successful.

The judgment of the court of common pleas must be affirmed.