### COUNTY OF LAMOILLE,

#### April Term, 1843.

[Continued from Vol. 17, page 127.]

---

PRESENT,

Hon. STEPHEN ROYCE,
Hon. MILO L. BENNETT, } Assistant Judges.
Hon. WILLIAM HEBARD,

---

### William P. Sawyer v. Hiram C. McIntyre.

Where A. sold to B. eight stoves, for two hundred dollars, and received payment therefor, and delivered six of the stoves, and executed a bill of sale, in which he promised to deliver the remaining two stoves in two months, and also promised, that, if the eight stoves were not sold by B. in one year from date, he would take back two of them, and would pay to B. fifty dollars and interest, it was held, that the two stipulations were distinct and independent of each other, and that, two of the stoves having remained unsold at the end of the year, and notice thereof having been given by B. to A., B. might sustain an action upon the promise to repay, notwithstanding he had before commenced an action for a breach of the promise to deliver the two stoves, and had recovered therein the price of those stoves, and the amount of that judgment had been paid by A.

And it was also held, that the second promise was, in effect, giving to B. the right to rescind the contract at the end of the year, as to two of the stoves, if he chose, and that the rule of damages was the fifty dollars stipulated and the interest.

ASSUMPSIT. The plaintiff alleged, in his declaration, in substance, that on the 23d day of February, 1841, the defendant sold to him eight stoves, for two hundred dollars, and delivered six of the stoves, which were accepted by the plaintiff, and promised to deliver the remaining two stoves in two months from that time, and also promised, that, if the eight stoves were not sold by the plaintiff within one year, he would receive back from the plaintiff two of the stoves and pay him the sum of fifty dollars, and interest. And the plaintiff averred, that he used due diligence to sell the stoves, but that, at the end of the year, three of them remained unsold,—of which the defendant had notice; and that, on the 16th day of March, 1842, at Middlesex, the plaintiff gave notice to the defendant, that two of the stoves were ready for him at a place named, and demanded of him the said sum of fifty dollars, and interest; and that the defendant refused to pay the same. Plea, the general issue, and trial by the court.

On trial the plaintiff gave in evidence a written bill of sale, signed by the defendant, and dated February 23, 1841, which was in these words;—" Wm. P. Sawyer bought of H. C. McIntyre eight Skin-' ner's patent fire proof cook stoves,—$200,00; six now delivered, ' and the other two to be delivered at Hydepark in two months from ' date, and if the eight are not sold in one year from date, I am to ' take back two of them and pay fifty dollars, and interest. Re-' ceived pay." And it was admitted, that the plaintiff used proper diligence to sell the stoves bought of the defendant, and that two, or more, of the six stoves received by the plaintiff remained unsold at the end of the year; and that, on the 16th day of March, 1842, the plaintiff notified the defendant thereof, at Middlesex, and requested him to take back and pay for two stoves, so remaining unsold, according to the contract.

The defendant proved, that an action was commenced against him by the plaintiff, shortly after the expiration of two months from the date of the said bill of sale, to recover for two stoves not deliv-

ered according to the terms of the contract; and that the plaintiff, in that suit, recovered and collected of the defendant fifty five dollars damages.

Upon these facts the county court decided, that the plaintiff was entitled to recover, and rendered judgment for the plaintiff for fifty dollars, and interest, as damages. Exceptions by defendant.

*L. P. Poland* for defendant.

1. The defendant contends, that the contract had been fully performed, agreeably to the understanding and intent of the parties, before the commencement of this suit. By the contract the plaintiff was to keep the six stoves at all events, and also the other two, provided he could sell them; and if he could not sell them, he was to receive back fifty dollars. He received the six stoves, and the fifty dollars for the other two. What more remained to be done, in order to fully perform and complete the contract on the part of the defendant? All that the law requires is a substantial and real performance; and breaches in name only of a contract are not regarded, if the real intent of the parties has been fully carried into effect. The whole controversy in the case is in relation to the two stoves not delivered at the date of the contract; the first six stoves the plaintiff expected to keep, and the defendant was to receive back, not two out of the six, but two out of the eight. *White* v. *Dingley*, 4 Mass. 433.

2. But, if the plaintiff is entitled to maintain this action, the rule of damages must be the same, as if the defendant had agreed to purchase two stoves of the plaintiff and pay him fifty dollars therefor, and then had refused to receive the stoves and pay the price. The rule of damages in that case would undoubtedly be the difference merely between the price agreed to be paid and the real value of the stoves, unless some special damages were alleged and proved. In this case the county court gave the plaintiff the full amount the defendant agreed to pay, treating the same as liquidated damages. It is submitted, that it is not a case, where the doctrine in relation to liquidated damages can have any application. *Astley* v. *Weldon*, 2 B. & P. 346. *Kemble* v. *Farren*, 6 Bing. 141. Chit. Cont. 863.

*H. P. Smith* for plaintiff.

1.  The written contract between the parties contains two undertakings on the part of the defendant, which are wholly distinct and independent of each other; and the non-performance of them affords separate causes of action, with different rules of damages. The intent of the parties is expressed plainly and unequivocally, and the contract must be taken as it reads. Chit. on Cont., (5th Am. Ed.) 81, note, and cases cited.

2.  The defendant stipulated for the performance of a duty on his part, and for the payment of a debt. If, therefore, the contract is ambiguous, it should be construed most strongly against the defendant. Chit. Cont. 95.

3.  If the construction claimed by the plaintiff is sustained by the court, the fact, that a recovery has been had in a suit brought for the non-delivery of two of the eight stoves, according to the contract, does not affect the plaintiff's right of recovery in this suit.

The opinion of the court was delivered by

Royce, J.   The case does not show, that any question was raised on trial, as to the proper application of the evidence to either count in the declaration. We have therefore only to decide, whether, upon the facts admitted and proved, the plaintiff was entitled to recover; and if so, whether the court rightly gave as damages the fifty dollars and interest.

It is insisted, that the plaintiff, by recovering in his former action for the two stoves not delivered, obtained all the satisfaction, to which the contract entitled him. But we think it clear that the two stipulations of the defendant were entirely distinct, not only as to the time and manner of performance, but in purpose also. The first was designed to secure to the plaintiff the seasonable possession of all the stoves, which he purchased and paid for; and his recovery for a breach of that stipulation only placed him in the same condition, as if the eight stoves had all been received in pursuance of the contract. By the other, the defendant engaged to receive back two of the stoves, if they remained unsold at the end of a year, and to refund the purchase money for the same, with interest. This was nothing less, in effect, than a contract that the purchase should become rescinded at the end of the year, as to two of the stoves, if

then unsold.   The undertaking to pay interest from the date of the contract, on the sum to be refunded, evidently shows this to have been the nature of the stipulation.   It may be said, that the plaintiff had an option to treat the contract differently, for that he was not bound to part with the stoves, unless the purchase money should be repaid according to the terms of the contract.   And there is no doubt, that the taking back of the stoves and the repayment of the fifty dollars were intended to be concurrent acts, so that the plaintiff could not have been required to suffer the former to be done without the latter.   But this does not prove, but that the fact, that they remained unsold at the end of the year, together with the notice and demand of March 16, 1842, operated, at the plaintiff's election, to revest the property in the defendant, subject to a lien in favor of the plaintiff for the money.

The construction thus given to the contract removes all difficulty upon the question of damages.   It shows the case to be widely different from the one put in the argument, where a party agrees to make a purchase of property, and then refuses to proceed in the purchase and take the property.   In such a case the loss of the bargain constitutes the proper rule of damages, because the property never passed.   But here, although the property did pass in the first instance, yet the plaintiff was enabled by the contract to cause it to revest in the defendant, upon the contingency which afterwards happened.   And as the plaintiff chose to avail himself of that right under the contract, there was no longer any consideration, upon which the defendant could retain the fifty dollars.   The plaintiff became entitled, therefore, to the whole of that sum, as well upon obvious principles of law and justice, as by the express terms of the defendant's undertaking.

Judgment of county court affirmed.