*177
 
 Battle, J.
 

 We are clearly of opinion that the judgment by default precluded the defendant from using, for the purpose of redricing the damages, testimony which would have defeated the action, had a plea in bar been put in. A default admits all the material averments properly set forth in the declaration, and, of course, everything essential to establish the right of the plaintiff to recover. Any testimony, therefore, tending to prove that no right of action existed, or denying the cause of action, is irrelevant and inadmissible. 2 Sellon’s Practice, 25 ;
 
 DeGaillon
 
 v. L'Aigle, 1 Bos. and Pul. Rep. 368 ;
 
 East India Company
 
 v. Glover, 1 Stra. Rep. 612 ;
 
 Foster
 
 v. Smith, 10 Wend. Rep. 356. In the case last cited, which was an action of trespass for false imprisonment,. the principle upon which the rule is founded is well explained. “The evidence,” says NjslsoN, J., in delivering the opinion of the Court, “ would have been inadmissible under the general issue in justification, without notice or special plea, were it not for the provisions of the statute for the more easy pleading of public officers, and those acting in aid of them, and the reasons given are to prevent' surprise upon the plaintiff on the trial, and to enable him to meet the defendant upon equal terms with respect to the evidence. 1 Chitty’s PI. 493. These reasons are equally strong against allowing the evidence without notice, in mitigation of damages; besides, the inconsistency of hearing evidence in contradiction of the legal effect of the record, which is not pertinent to any issue presented by it. If this practice were tolerated, it would enable defendants to have substantially the benefit of a justification in every case in which evidence could be procured to establish it, Avithout notice to the plaintiff' of such defense ; for if admissible, and the justification should be proved, the least effect that could reasonably be given to it would be to reduce the inquest to nominal damages. This would be the standard of damages in all cases upon such proof.” Those reasons seem to us to be unanswerable when applied to the action of trespass, and they are not less cogent in their application to the present action of covenant for a breach of a contract under seal. If the
 
 *178
 
 testimony wbicb would have defeated the action upon a plea in bar, be admitted in mitigation of damages upon the defendant’s default, it will give him the great advantage of repudiating his contract upon the payment of nominal damages, for no second action can be brought upon it.
 

 But if the defendant had pleaded, and thereby given the plaintiff notice of his ground of defense, the latter might have submitted to a judgment of nonsuit, and, afterwards, brought another action when he had done what was necessary on his part to enable him to sustain it. On an enquiry of damages, then, tqoon a default, all the material allegations of the plaintiff’s declaration are to be considered as admitted by the defendant to bo time, and the only question will be, what is the rule of damages in the particular case ? If the damages be, in their nature, uncertain, as in many of the forms of action they will be, then the amount will have to be ascertained by the proofs which each party may be able to produce. If they are certain, or, by computation, capable of being reduced to a certainty, then there will be little or no room left for proof. In the_case before us, the defendant covenanted to pay a certain price
 
 par acre,
 
 for a tract of land, the number of acres of which, was to be ascertained by a survey. It was so ascertained, and the sum agreed on to be paid was thus reduced to a certainty. That sum the plaintiff is entitled to recover as damages, unless it be the rule that a vendor of land, after doing everything he can towards the fulfilment of his part of the contract, can recover from the defaulting purchaser nominal damages only. This is an important practical question, and upon it the decisions of Courts in different countries do not seem to be uniform. In England, it is said, that when the vendee refuses to perform, the measure of damages is held to be the difference between the price fixed in the contract and the value at tire time fixed on for tiro delivery of the deed; so that if the property does not fall in value, the vendor can get nothing but nominal damages. Thus, in the case of
 
 Laird
 
 v.
 
 Pim,
 
 7 Mee. and Wels. Rep. 474, where an eminent Judge, Baron Rolfe, (who is now the
 
 *179
 
 Lord. Chancellor CbaNwoetii,) bad, at the trial, restricted tbe vendor to nominal damages, tbe Court of Exchequer, on tbe argument of a rule to show cause why tbe damages should not be increased to tbe amount of tbe purchase money, said, “ Tbe question is, bow much worse is the plaintiff by the diminution in tbe value of tbe land, or tbe loss of the purchase-money in consequence of tbe non-performance of the contract? It is clear be cannot have tbe land and its value too.” There are, indeed, some prior English cases which seem to have held a contrary doctrine.
 
 Goodisson
 
 v.
 
 Nunn,
 
 4 Term Rep. 761 ;
 
 Glazebrook
 
 v.
 
 Woodrow,
 
 8 Term Rep. 366. In Vermont the rule, as laid down by the Court of Exchequer, was recognized.
 
 Sawyers
 
 v.
 
 McIntire,
 
 18 Verm. Rep. 27. A different rule prevails in Maine,
 
 (Aland
 
 v.
 
 Plummer,
 
 4 Green. Rep. 258,) and in New York,
 
 (Shannon
 
 v.
 
 Comstock,
 
 Wend. 457 ;
 
 Williams
 
 v.
 
 Field,
 
 stated shortly in a note to page 192 of Sedgwick on Damages). Mr. Sedgwick says, that “ the question is evidently not free from perplexity. On the one hand, it is said that the vendor, by making a tender, has performed his contract so far as it lies in his power; that his right is complete to the performance of the contract by the vendee, and that this performance is the payment of the purchase-money. But on the other side, it is replied with great force, that the recovery cannot pass the fee in the land; that the legal seizin still remains as at first; that the vendor has not parted with his property ; that, if the land has not fallen in price, he has lost nothing; that the common law gives damages for none but actual loss; and it is insisted that the true measure of damages in such a case is the difference between the'stipulated price and the actual value at the time of the breach, or, perhaps, at the time of the trial.” Sedgwick on Damages, 191, 192. The author, in a note to the page last referred to, expresses his preference for the latter rule, though he admits that it is different with respect to the sale of personal chattels. See page 281.
 

 The counsel have not referred us to any case in our Court where the rule [has been settled. In the absence of an ex
 
 *180
 
 press adj udication, we feel at liberty to adopt the rule that gives to the vendor the contract price with interest thereon, when he shows he has done all in his power to complete the contract on his part, by making and tendering a deed to the vendee. If a Court of Law cannot take into consideration the fact, that upon the payment of the purchase-money the Court of Equity will compel the execution of a deed by the vendor, it can enforce its own salutary principles, that no person shall take advantage of his own wrong, and will thus prevent an unscrupulous vendee from mocking his innocent vendor by refusing to perform his solemn engagement, and submitting to a judgment for a penny damages.
 

 The judgment given in the Court below, in favor of the plaintiff, for six pence damages, is reversed, and judgment will be entered in this Court in his favor, upon the special verdict, for $2872,50, and also for costs.
 

 Pee CueiáM. Judgment reversed.