RUFUS E. HILLIARD *vs.* PERLEY WEEKS.

Essex.    March 8, 1899. — May 17, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Sale — Rescission — Agency — Statute of Frauds — Set-off.*

A vendor, who sues upon a contract of sale made by an agent acting within the scope of his authority, is bound by an express condition of the contract that the vendee may return such goods as are of inferior quality; and he can recover only the contract price less the value of the goods so returned.

If goods are sold upon the express condition that such as are deficient may be returned by the vendee, the return of such goods by him is made under the original contract of sale, and is not a new bargain, which, if the value of the goods returned exceeds fifty dollars, would require a memorandum under the statute of frauds.

If goods are sold upon the express condition that such as are deficient may be returned by the vendee, the value of such goods so returned, which the vendor refuses to receive, is not a matter of set-off to an action brought by him for the original price, but a rescission *pro tanto* of the sale.

CONTRACT, to recover $318.60, the price of certain soles sold by the plaintiff to the defendant.    Trial in the Superior Court, without a jury, before *Richardson*, J., who found for the plaintiff in the sum of $50.71; and the plaintiff alleged exceptions. The material facts appear in the opinion.

*E. T. McCarthy*, for the plaintiff.

*F. H. Pearl*, for the defendant.

HOLMES, J.    This is an action to recover the price of some soles, purchased of the plaintiff by the defendant.    The dispute is over the right of the defendant to return light soles found among the goods.    The defendant testified that he bought the soles from the plaintiff's salesman, one Parrott, upon the express condition that when he came to use the soles he could throw out the light ones and the plaintiff would replace them.    Parrott's authority is disputed, but the plaintiff admitted in his testimony that Parrott had to use some independent judgment, and at all events the plaintiff must take the bargain as it was made if he chooses to sue upon it.    When the defendant came to use the soles he found more light soles than he expected, and told Parrott, who wrote a postal card to the defendant request-

ing him to ship them back to Lynn at his earliest convenience. This was done, but the plaintiff refused to receive the goods. It will be seen that Parrott's writing only carried out the original bargain, as testified to by the defendant. But beside this fact there was testimony from Parrott that his postal card was sent after a conversation with the plaintiff, in which he mentioned that the defendant was going to return the soles, and the plaintiff made no reply; and that later in the day Parrott told the plaintiff what he had done. The plaintiff seems to have received this information also in silence, without protest or objection, and he did not write to the defendant refusing to accept the return of the soles until two days later. The foregoing facts afford some evidence that Parrott was acting by authority in what he did. Of course, upon the defendant's evidence, the return of the soles was not a new bargain, but was made under the original understanding, so that no memorandum was necessary under the statute of frauds; and, as the soles were not replaced, their cost price is to be deducted from the total price agreed. It is not a matter of set-off, (*Goldthwait* v. *Day*, 149 Mass. 185, 187,) but a rescission *pro tanto* of the sale.

*Exceptions overruled.*