MARION STREET GARAGE COMPANY *vs.* WALTER J. SUGDEN.

WALTER J. SUGDEN *vs.* MARION STREET GARAGE COMPANY & others.

Suffolk.    November 19, 1917. — January 4, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Garage. Equity Jurisdiction,* To restrain unlawful interference with business. *Equity Pleading and Practice,* Appeal.

In a suit in equity, by a corporation established for the purpose of carrying on the business of a public garage and licensed to conduct such a business, to restrain alleged unlawful interference with its business, the bill must be dismissed if the plaintiff fails to prove that it was engaged in the business of carrying on a public garage.

On an appeal from a final decree in a suit in equity, where there is no report of the evidence, the only question for this court is whether the decree conforms to the allegations of the bill and lawfully can be entered on the facts found by the trial judge.

BILL IN EQUITY, filed in the Superior Court on November 14, 1916, by the Marion Street Garage Company, a corporation established under the laws of this Commonwealth, alleging that the plaintiff had been granted a certificate giving it the right to do business as a public garage at 39 Marion Street in Brookline, and that the defendant had interfered unlawfully with its business by bringing an action against one Carpenter, the manager of the plaintiff's garage business, in which upward of fifty persons had been summoned as trustees, and praying for an injunction and for damages; and a

BILL IN EQUITY, filed in the Superior Court on December 11, 1916, by Walter J. Sugden, the defendant in the first bill, alleging that the plaintiff on May 15, 1915, purchased from one Davis the business of a public garage at 39 Marion Street in Brookline,

which he afterwards sold to Carpenter named in the first bill, who gave to the plaintiff a mortgage to secure a balance of the purchase money, that the plaintiff also obtained from Davis a lease of the premises, which he afterwards with the consent of Davis sublet to Carpenter, and that Carpenter had committed a breach of the covenants in his sublease by underletting the premises without the consent or knowledge of the plaintiff or of Davis, whereupon the plaintiff entered and took possession of the leased premises; praying that the Marion Street Garage Company and the other defendants be enjoined from removing from the premises certain records, accounts and property mortgaged to the plaintiff by the defendant Carpenter.

The suits were heard together by *Lawton*, J., who made the findings that are stated in the opinion. The finding of the judge which is referred to in the opinion as disposing of the first suit was as follows: "In the case of the Marion Street Garage Company against Sugden, the first paragraph alleges that the plaintiff corporation was duly organized and granted a certificate, and I so find. I am not able to find that the second part of the first paragraph, namely, 'and on July 6, 1916, began and has since continued to do a public garage business at 39 Marion Street in said Brookline,' is true. I find that to be a fact which Kaine says he told Rowley on August 31, 'We have waited till this time before the corporation takes over the business.' There is no evidence that at or after that date the corporation 'took it over.' Carpenter does not say when he wrote the assignment or why he did it rather than to have his lawyer Kaine do it. He says he delivered 'the papers' to the company July 8. Kaine says that when Carpenter handed him the Sugden-Carpenter lease the assignment was already written on it. I am not satisfied of this or that the lease was ever delivered to the corporation. There are no records of meetings of the corporation or directors after the record of July 6."

By order of the judge final decrees were entered in favor of Walter J. Sugden in both suits. The plaintiff in the first case and the defendants in the second case appealed.

*E. I. Smith*, for the Marion Street Garage Company and others.

*C. W. Rowley*, for Walter J. Sugden.

PIERCE, J.   Without a report of the evidence these cases are before us on appeal from a final decree in favor of the defendant in the first suit and against the defendants in the second suit in accordance with a finding of facts made by the trial judge.

On the facts found by the trial judge, the Marion Street Garage Company completely failed to prove at the hearing that it was engaged in a public garage business at 39 Marion Street, Brookline, at the time it charged Sugden with an interference with its business in the manner and form set out in its bill and in the several amendments thereto.   The absence of proof of this fundamental and foundational fact necessitated the dismissal of the bill.

As regards the suit of Sugden against the Marion Street Garage Company the only question open is whether the decree conforms to the allegations of the bill and lawfully could be entered on the facts found.   *Gordon* v. *Borans*, 222 Mass. 166.

The facts stated in the bill, which are either admitted by the answer or found to be true by the trial judge, in substance are as follows:  Walter J. Sugden on or about May 15, 1915, purchased of one Davis the business of a public garage.   The property acquired consisted of the good will of a long established business and divers chattels used in and appurtenant to the business sold. Coincident with the purchase and sale of the business, Davis, who owned the real estate upon which the garage was located, executed a lease of the garage to Sugden for a term of ten years. The lease contained a covenant not to assign or underlet the premises without the consent in writing of Davis.   On or about June 1, 1916, the defendant Carpenter purchased of Sugden the good will of the garage business and certain personal property for $12,500, paying Sugden $5,000 on account of the purchase price and executing and delivering his promissory note for the balance, secured by a mortgage of the good will and other property sold. Coincident with the purchase by Carpenter of the property and business, Sugden executed and delivered to Carpenter a written lease of the premises "for the Term of Nine (9) years beginning with the Fifteenth day of May A. D. 1916."   Davis gave his written consent to Sugden in terms as follows: "Boston, June 8, 1916.   Permission is hereby given Walter J. Sugden to underlet the premises described in a lease dated fifteenth day of May,

1915, from me to said Sugden of premises on Marion St. in Brookline, Massachusetts, to Fred A. Carpenter; but this consent is given on the express condition and understanding that it shall not operate as a waiver of any provision in said lease and shall not authorize any further or other sublease without express consent, and shall in no way affect the liabilities and obligations of said Sugden under the lease first above mentioned." The lease to Carpenter contained a covenant that Carpenter would not assign or underlet the whole or any part of the leased premises, and that he would at the end of the term peaceably deliver up the leased premises to Sugden.

On June 12, 1916, a charter was issued to a corporation under the name and style of the Marion Street Garage Company. This corporation had a nominal capital of $15,000 with fifteen hundred shares at $10 each. It was created to take over the personal property, machinery, automobiles and good will of the business of the garage then owned by Carpenter under purchase from Sugden, and to allow itself to be used by Carpenter as a means of carrying on his own business. No money was ever paid by the corporation to Carpenter and the only money paid to any one was the $5,000 paid to Sugden by Carpenter, which he received in part from an employee, in part from a brother, and the balance from his wife.

Sometime after receiving the lease, Carpenter wrote on the back of it as follows: "Brookline, July 6th, 1916. In consideration of one dollar and other and valuable considerations I hereby transfer and assign and set over all of my right, title and interest to the within lease from Walter J. Sugden to Fred A. Carpenter, Atty. to The Marion Street Garage Co. Corporation Fred A. Carpenter Atty. (Seal.)"

The trial judge refused to find and rule that Sugden consented to the last named assignment, that he waived the condition not to assign or that he was estopped from asserting any breach of the condition not to assign; and specifically and affirmatively found: "No consent . . . to the assignment, no waiver of the condition . . . against assigning and no facts which should estop him from asserting a breach of that condition or covenant."

No notice was given to Sugden or Davis of the assignment by Carpenter to the Marion Street Garage Company. Sugden did

not know of the assignment until November 24, 1916, and "Davis, who lives near the garage, supposed the garage was let to Carpenter, and had never heard of the Marion Street Garage Company till about December 1," 1916.

The lease from Davis to Sugden provided that "until further notice from the lessor rent shall be paid to the Cambridge Trust Co." For August, 1916, and thereafter, the rent was paid monthly to the Cambridge Trust Company by checks which had printed on the left hand margin the words "Marion Street Garage Co," and at the bottom "Marion Street Garage Co . . . Mgr.," a blank space being left for the written signature of F. A. Carpenter. It is the contention of the defendant that the lease given it was an assignment and not an underlease, and that Davis had accepted it as tenant by reason of the acceptance of the rent paid to the Cambridge Trust Company. The trial judge refused so to rule and it cannot be said he was clearly wrong in view of all the facts, and more particularly, because of the doubt expressed by the judge as to whether the lease ever was delivered to the corporation. In these circumstances the defendants were estopped to deny the title of Sugden or of his right to make the lease, under which Carpenter entered. It follows that Sugden legally could determine the lease by entry for breach of the covenant of Carpenter not to assign.

On December 1, 1916, Sugden made an open, peaceable and unopposed entry upon the premises for the purpose of terminating the lease for breach of condition thereof. Keepers placed in charge of the premises were assaulted and forcibly ejected therefrom by the defendants Kaine and Roberts. The defendants admit default on the mortgage note in that the sums to be paid were not paid and the property was not insured against fire for the benefit of the mortgagee. On December 4, 1916, Sugden took possession of all the property described in the mortgage which was then upon the premises for breach of condition thereof, and placed it in the custody of keepers. On the same day the defendants Kaine, Carpenter and Roberts, assaulted the keepers, took from them the property described in the mortgage and forcibly ejected them from the premises; and have since retained possession of the premises and property through show of force and threat of violence.

We discover no reversible error in the refusals to rule as requested or to make additional findings of fact. The decree was fully warranted by the frame of the bill, the prayers thereof, and the reported facts. *O'Brien* v. *Murphy*, 189 Mass. 353, 357.

The entry in each case must be

*Decree affirmed with costs.*