WILFRED MONGEAU, executor, *vs.* FRANK J. McKAY, guardian *ad litem.*

Hampden.     September 22, 1932. — November 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Probate Court,* Findings by judge, Decree.

Where, upon an appeal by an executor from the disallowance, after a hearing upon his final account, of an item therein showing payment of a note, the evidence at the hearing was not reported, and a statement of findings, reported by the judge at the executor's request, set forth facts from which it was possible to conclude that the testator did not owe the note which was paid by the executor, the disallowance of the item could not be held to be clearly wrong.

PETITION, filed in the Probate Court for the county of Hampden on October 29, 1928, for allowance of a substituted first and final account of the executor of the will of Pierre Turcot, late of Montreal, Canada.

The petition was heard by *Denison*, J. He disallowed an item in Schedule B, "S. A. Caron (note) $800." The petitioner appealed, requested that the judge report the material facts as to such item, and in this court contended only that such item should not have been disallowed.

Among other facts found by the judge were the following:

"Caron was a relative of the testator and the father-in-law of the accountant. To Caron the testator gave a note in consideration of a loan of $1,000 and assigned as collateral security two notes secured by real estate in Massachusetts. Two hundred dollars was paid on this principal during the life of the testator. It was not established where the money came from to pay this $200.

"Soon after the testator came to live with the accountant in Montreal the accountant turned in the automobile

he was then using, as part payment for a new one. The balance of the purchase price was the money obtained by loan from Caron. The new car was registered in the name of the accountant and was claimed by him as a gift from the testator. The accountant frequently took the testator with him on rides in the automobile. The testator was a short, heavy man afflicted with asthma and unable to get about otherwise.

"At the time of the accountant's appointment as executor he was ordered to furnish a surety company bond. Upon demand of the surety company, the accountant sent in as collateral security the notes which had been in Caron's possession. These notes were obtained from Caron upon payment to him, by the accountant, of the balance of his loan. The accountant got the money to pay off the loan by getting the Foresters of America to pay him the proceeds of a policy of $1,000 issued upon the life of the testator. Ownership of these proceeds was disputed. When the accountant got the money he placed the balance of $200 to his own credit."

There was no report of the evidence.

*B. F. Evarts*, for the petitioner.

*F. J. McKay*, guardian *ad litem*, submitted a brief.

WAIT, J. This is an appeal from a decree of a probate court which disallowed an item in an executor's account.

Witnesses were heard. The judge filed a statement of the facts found by him. The evidence is not reported. Upon such a record the findings of fact must be accepted unless self-contradictory, *Wickwire Spencer Steel Corp.* v. *United Spring Co.* 247 Mass. 565, 569, and the only question presented is whether the decree can lawfully enter upon the pleadings and findings. *Gordon* v. *Borans*, 222 Mass. 166. *Sugden* v. *Marion Street Garage Co.* 229 Mass. 130, 132. *Fitzgerald* v. *Fitzgerald*, 244 Mass. 61, 63. If upon any view the decree can be sustained the appeal must fail. There is nothing in *Holyoke National Bank* v. *Dulitzky*, 273 Mass. 125, or *Weinstein* v. *Miller*, 249 Mass. 516, the only cases cited and relied upon by the appellant, which affects or controls these rules of our law.

We see nothing self-contradictory or plainly wrong in the findings of fact. It was possible to conclude that the testator did not owe the note which was paid, and, in consequence, properly to disallow the item of payment by the executor.

It follows that the decree should be modified by the allowance of such costs and expenses of the guardian *ad litem* and next friend of Therese Gagnon as the judge of probate may deem proper, and as so modified should be affirmed.

*Ordered accordingly.*