SOPHIE C. CORNELL *vs.* WILLIAM H. NOONAN, administrator with the will annexed, & another.

Suffolk.     February 5, 6, 1934. — March 28, 1934.

Present: CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Gift.*

Upon findings by a judge who heard a suit in equity against an administrator to enforce an alleged gift of personal property to the plaintiff by the intestate in his lifetime, that the intestate had delivered property in the form of securities to the plaintiff, an elderly woman, telling her that he gave them to her; that she accepted them; that the relations between them for years had been those of a mother and a son; and that a few days later he had complied with her request to place such property in his safe deposit box and then had given her the key to the box, a finding of a completed gift *inter vivos* was warranted.

BILL IN EQUITY, filed in the Superior Court on September 29, 1932, and described in the opinion.

The suit was heard by *Goldberg*, J. The judge, among other findings, found that in 1905, when twenty-seven years of age, the defendant's intestate went to live with the plaintiff and continued to make his home with her until his death, at which time she was seventy-one years of age; that his attitude toward her "was that of a son toward his mother"; that her attitude toward him "was that of a mother to a son"; that, at the time of his death, the amount of the intestate's property in Canada was about

$17,000 and there was approximately an equal amount of his property, including the securities and bank books in issue, in Massachusetts; that about June 19, 1931, the intestate gave the plaintiff a manila envelope containing the securities in question, telling her that he gave them to her; that she accepted them and kept them; that two or three days later she requested him to put them in his safe deposit box for her; that he did so; that on June 27, 1931, he gave her the key to the box and five or six checks which he had signed but had not otherwise filled in, telling her to use the checks when she needed money; and that he left for Nova Scotia for a fishing trip on June 27, 1931, and died there on July 24, 1931.

The judge concluded: "I find and rule that MacDonald, on or about June 19, 1931, delivered to the plaintiff the securities and bank books referred to in the bill with the intention on his part of making a present gift of them to the plaintiff, that the plaintiff accepted them, that it was a valid gift *inter vivos* and that the ownership thereof was thereby transferred to the plaintiff.

A final decree for the plaintiff was entered. The defendant Noonan appealed.

*R. E. Johnston*, for the defendant.

*E. J. Flavin*, (*D. J. Cohen* with him,) for the plaintiff.

WAIT, J. No new question of law or of fact is involved herein. The defendant administrator with the will annexed of Hugh Howard MacDonald appeals from a decree establishing a valid gift *inter vivos* of certain personal property claimed as her own by the plaintiff, and ordering the delivery of the property to the plaintiff. The evidence is not reported; but the trial judge filed findings of fact. It is the defendant's contention that the findings are inconsistent with the conclusion that the deceased made the gift in question. He does not dispute that unless this inconsistency appears and they are clearly wrong the findings will not be reversed on appeal. *Mongeau* v. *McKay*, 281 Mass. 101. *Armstrong* v. *Orler*, 220 Mass. 112.

We do not see profit in a statement of the findings and

a discussion of the arguments addressed to us after unsuccessful reliance upon them before the trial judge. A gift *inter vivos* of one half of his property to one whom he has for years regarded as a mother, leaving the donor possessed of a very substantial sum for future use or for disposition elsewhere, does not seem to us so incredible a proceeding that we must reverse the finding made below. The case is well within our decisions in *Mulloy* v. *Charlestown Five Cents Savings Bank*, 285 Mass. 101, 105, *Robinson* v. *Pero*, 272 Mass. 482, *Pierce* v. *Boston Five Cents Savings Bank*, 129 Mass. 425. See *Millett* v. *Temple*, 280 Mass. 543.

*Decree affirmed with costs.*