SARAH W. HARVEY *vs.* INHABITANTS OF EASTON.

Bristol. October 24, 1905. — November 28, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Way. Municipal Corporations. Statute,* Construction.

R. L. c. 48, § 104, providing that the owner of land abutting on a highway, street or town way may recover a penalty of $50 a month from the county, city or town, if permanent bounds are not erected at the termini and angles of all ways laid out by the county commissioners, mayor and aldermen, selectmen or road commissioners, does not apply to the relocation and widening of a way previously laid out.

A penal statute is not to be extended by implication.

SHELDON, J. This action is brought under R. L. c. 48, § 104, against the town of Easton to recover the penalty therein provided for the failure of its road commissioners to erect permanent bounds at the termini and angles of Center Street in said town, as relocated and widened by them. The statute reads as follows: " The county commissioners, mayor and aldermen, selectmen or road commissioners, shall cause permanent bounds to be erected at the termini and angles of all ways laid out by them. Such bounds shall be of stone, not less than three feet long, two feet of which at least shall be set in the ground, or of stone not less than three feet long with holes drilled therein and filled with lead placed a few inches below the travelled part of the way, or if stone bounds are impracticable, a heap of stones, a living tree, a permanent rock, or the corner of an edifice, as said officers may determine. If they neglect to establish such monuments after being notified so to do by an owner of land abutting on such way, the county or city if it is a highway or street or the town if it is a town way, shall forfeit to him fifty dollars for each month during which such neglect continues."

The case was heard upon agreed facts. The Superior Court ordered judgment for the defendant; and the plaintiff appealed.

The plaintiff contends that this statute applies to every case where the boundary of a way is altered by relocation, widening or otherwise; and his right to recover manifestly depends upon this contention, since in the case at bar nothing was done but to

relocate and widen a public way which had existed for more than forty years, apparently altering somewhat its side lines and boundaries but not making any change in its termini. We are of opinion that this contention cannot be supported, and that the statute applies merely to the laying out of ways.

It is to be observed that throughout this chapter care is taken to mention every operation to which the different regulations made are to be applied. In the first eight sections provision is made for new highways and the alteration or discontinuance of existing highways, and the distinction is clearly drawn between a laying out, an alteration and a discontinuance. Section 9 makes provision for either a laying out or an alteration, as each case may demand ; § 12 is confined to relocations. The provisions for the recovery of damages, §§ 13 *et seq.*, are carefully made to include cases of laying out, relocation, alteration and discontinuance. Section 58, by giving to town officers concurrent jurisdiction over petitions for altering, widening or relocating ways or bridges or making specific repairs, but not including the laying out of highways, shows plainly the legislative intention to distinguish between a lay out and an alteration, widening or relocation ; and the grant in § 65 to town officers of power both to lay out and to alter town ways emphasizes this distinction. The use of the word " termini " in § 104 also tends to indicate that the Legislature had in mind the lay out of a new way rather than a mere case of widening or other alteration.

Moreover it is to be observed that this is a penal statute, and is to be construed strictly. *Commonwealth* v. *Worcester & Nashua Railroad*, 124 Mass. 561, 563. *Commonwealth* v. *Loring*, 8 Pick. 370, 374. It would scarcely be consistent with this well established principle to extend the liability created by the statute in question from the case of the laying out of a way, which its words do include, to that of the relocation or widening of a way, which they do not include. And see *Ilsley* v. *Essex County*, 7 Gray, 465.

We are of opinion that on the agreed facts the plaintiff is not entitled to recover.

*Judgment for the defendant.*

*M. R. Brownell*, (*A. E. Perry & O. S. Cook* with him,) for the plaintiff.

*F. S. Hall*, for the defendant.