DIEDRICH VON HORN & another *vs.* MARY CURRAN & another.

Norfolk.　　October 2, 1933. — October 5, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Probate Court*, Appeal. *Adoption.*

Upon a petition for adoption of a child under the age of fourteen years, both of whose parents are dead, the question, whether the welfare of the child requires the adoption, is one of fact to be determined by the judge of probate.

Where the record on appeal from a decree allowing such a petition included facts found by the judge amply warranting the granting of the petition and no report of the evidence, opposing considerations urged by the appellants, not appearing in the record, could not be considered; and the decree was affirmed.

PETITION for adoption of Ralph Edward Curran of Quincy, filed in the Probate Court for the county of Norfolk on November 30, 1932.

The petition was heard by *McCoole*, J., and was granted. Facts found by the judge without a report of the evidence are stated in the opinion. The testamentary guardians of the minor appealed.

The motion referred to in the last paragraph of the opinion was filed in the Probate Court after the appeal and sought the addition of certain documents to the record. The motion was denied. No appeal from the denial was filed.

*F. J. Madden*, for the respondents, submitted a brief.

No argument nor brief for the petitioners.

BY THE COURT. This is an appeal by testamentary guardians from a decree allowing the adoption of a boy under the age of fourteen years, both of whose parents are deceased. The petitioners are his maternal grandparents. No stenographer was appointed under G. L. (Ter. Ed.) c. 215, § 18, to report the evidence. A report of the material facts was made by the trial judge under G. L. (Ter. Ed.) c. 215, § 11. These facts are that the father, after the death of the boy's mother, placed him in July, 1931, in the custody of the petitioners where he has since remained, that the petitioners are estimable and responsible people, fully equipped to take care of the child, that they have treated him as their own while in their care, and that his future welfare and education are more secure with the petitioners than with the paternal grandmother who is one of the testamentary guardians. The decree recited that the child has resided in the home of the petitioners for more than six months and that the department of public welfare has reported thereon.

Whether the welfare of the child required the adoption was a matter of fact to be determined by the probate judge. That has been determined by him in favor of the adoption. In the absence of a report of the evidence, opposing considerations urged by the appellants, not appearing in the record, cannot be considered, and that decision cannot be

held to be wrong.  G. L. (Ter. Ed.) c. 210, §§ 1–6, inclusive. *Purinton* v. *Jamrock*, 195 Mass. 187.  *Richards* v. *Forrest*, 278 Mass. 547, 553.  *Perry* v. *Perry*, 278 Mass. 601.

The merits of the motion filed after the decree and after the report of material facts are not before us.

*Decree affirmed.*