HECTOR J. BELOIN & another *vs.* MARY G. BULLETT.

Hampshire.    September 17, 1941. — October 31, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Adoption.    Lewdness.    Statute, Construction.*

The requirement of a conviction of being "a lewd, wanton and lascivious person," stated in § 3 of G. L. (Ter. Ed.) c. 210 to be one ground for dispensing with the written consent of a child's lawful mother to his adoption, has reference to the crime of that nature specified in c. 272, § 53, and is not met by her conviction under c. 272, § 16, of lewd and lascivious cohabitation with a man to whom she was not married or by a finding by a judge of probate on a petition for the child's adoption, which was opposed by her, that she was a "lewd, wanton and lascivious person"; and the petition must be dismissed.

PETITION for adoption, filed in the Probate Court for the county of Hampshire on September 20, 1940.

The case was reserved and reported by *Welch*, J.

*E. L. O'Brien*, for the petitioners, submitted a brief.

No argument nor brief for the respondent.

DOLAN, J. This is a petition of Hector J. Beloin and his wife, Stella M. Beloin, for adoption of the minor child of George H. and Mary G. Bullett. The case comes before

us upon the report and reservation of the judge made after hearing for final determination. G. L. (Ter. Ed.) c. 215, § 13.

Findings of fact made by the judge may be summarized as follows: Carolyn Ann Bullett, the child sought to be adopted, was born April 15, 1935. Her father consented in writing to the proposed adoption. Her mother, the respondent, did not assent and was represented at the hearing by counsel and opposed the granting of the petition. The parents of the child were married in New Hampshire in 1934, and had three children, Carolyn; Cathryn, born in July, 1936; and Patricia, born in 1937. The children and their parents were living together at Greenfield in this Commonwealth on September 18, 1938. At that time the respondent left the home without cause. She and her husband have not lived together since that date and "within twenty-four hours [thereafter] the children were placed in foster homes." In June, 1939, they were placed in very good homes. Carolyn, hereinafter referred to as the child, was placed in the home of the petitioners. The father of the children contributed to the support of the children to the best of his ability until about March, 1939, when he abandoned them. His whereabouts were unknown until about September, 1940. He was then in Montana. The petition for adoption was filed September 20, 1940.

The petitioners were granted custody of the child by a decree of the Probate Court dated September 7, 1939, the respondent having been present "at that hearing." In the present proceeding the judge found that the qualifications of the petitioners are such as to present an unusual opportunity to secure by the adoption the child's future welfare and happiness.

Other material findings of the judge follow: The respondent was convicted on August 31, 1939, (in the District Court of Franklin) of lewd and lascivious cohabitation with one Charles F. Lawrence, and was sentenced to the reformatory for women. She was released on or about December 23, 1939, and immediately resumed keeping company with Lawrence. In January, 1940, she filed a libel

for divorce against her husband in the Superior Court, Sullivan County, New Hampshire, and a decree of divorce was granted her at its "February term of 1940." Further findings bearing on those of the judge to the effect that the respondent was unfit to have the "custody" of the child and that she was a "lewd, wanton and lascivious person" need not be recited in detail. The judge also found that prior to her conviction the respondent did buy a few articles of clothing for the child, but that "She did neglect to provide proper care and maintenance for her child . . . from March, 1939, to the date of the hearing of this petition." (The report is dated January 21, 1941.) The judge further reported that he would enter a decree of adoption "if the mother's consent in writing was not required, because of her conviction of the offence . . . [set forth in his] findings of fact, and of her neglect to provide proper care and maintenance for . . . [the child]."

Except as otherwise provided in G. L. (Ter. Ed.) c. 210, a decree for adoption shall not be made without the written consent of the child's lawful parents (§ 2). By § 3, it is provided in part that the consent of a parent is not required "if such person has been convicted of being a common night walker or a lewd, wanton and lascivious person, and neglects to provide proper care and maintenance for . . . [the] child." G. L. (Ter. Ed.) c. 272, § 16, provides as follows: "A man and woman who, not being married to each other, lewdly and lasciviously associate and cohabit together, or a man or woman, married or unmarried, who is guilty of open and gross lewdness and lascivious behavior, shall be punished by imprisonment in the state prison for not more than three years or in jail for not more than two years or by a fine of not more than three hundred dollars." Section 53 of the same chapter provides in part for the punishment of "common nightwalkers . . . lewd, wanton and lascivious persons in speech or behavior," the penalty therefor being imprisonment for not more than six months or a fine not exceeding $200.

It thus appears that these statutes define separate and distinct crimes, with much more severe penalties fixed for

the first than for the second crime. The complaint against
the respondent and Lawrence was phrased in the language
of § 16, charging that, "not being married to each other,
[they] lewdly and lasciviously associate[d] and cohabit[ed]
together" contrary to the statute in such case made and
provided. The record of their conviction is entitled "For
Lewd and Lascivious Cohabitation." We think that it
must be held that this conviction was of the crime de-
scribed in § 16 and not of that described in § 53.

The language of G. L. (Ter. Ed.) c. 210, § 3, providing
that the consent of a parent is not required "if such person
has been convicted of being a common night walker or a
lewd, wanton and lascivious person" follows for the most
part the description of the crime set forth in G. L. (Ter.
Ed.) c. 272, § 53. Had the words "in speech or behavior"
been added to the provisions of the adoption statute just
referred to, it would have identified literally the crime de-
scribed in § 53. The words of § 3 of c. 210 are not those of
§ 16 of c. 272 under which the respondent was convicted, but
are more nearly descriptive of the crime described in § 53
of c. 272. It would seem that upon the complaint against
the respondent and Lawrence a conviction could not have
resulted properly of the crime described in § 53. The par-
ticular provisions of G. L. (Ter. Ed.) c. 210, § 3, under
which the consent of a parent who has been convicted of
being a "common nightwalker or a lewd, wanton and
lascivious person" is not required, were first enacted by
St. 1876, c. 213, § 4. Both §§ 16 and 53 now contained in
G. L. (Ter. Ed.) c. 272 were then in force, and the Legis-
lature must be taken to have known of those provisions
and that they described separate crimes. The petitioners
have argued that the words "lewd, wanton and lascivious"
in § 3 (c. 210) "are obviously used to describe an unfit per-
son and have no other purpose." Unfitness generally,
however, is not sufficient to satisfy the provisions of § 3,
and only those specific causes set forth in that section can
render unnecessary the written consent of a parent who
appears and objects to the adoption of his child. (See
§§ 4, 5.) The findings of the judge that the respondent is

unfit to have the custody of the child and that she is a "lewd, wanton and lascivious person" and has neglected to support the child do not satisfy the requirements of § 3 under which a conviction of the crime of being such a person is required as well as neglect on her part to support the child.

It is plain that in providing that the assent of a parent is not required to an adoption if "such person has been convicted of being a . . . lewd, wanton and lascivious person" the Legislature was describing a crime, and we think the conviction intended to be a prerequisite to dispensing with consent is of the crime described in G. L. (Ter. Ed.) c. 272, § 53, and not that of which the respondent was convicted under § 16. That this was the intention of the Legislature is further evidenced by the fact that among the crimes specified in § 53 not only that of being a lewd, wanton and lascivious person in speech and behavior but also that of being a common nightwalker was included, conviction of either of which on the part of a parent dispenses under § 3 of the adoption statute with the requirement of consent. It is a fair inference that in enacting St. 1876, c. 213, § 4, those particular provisions were taken by the Legislature from those now contained in G. L. (Ter. Ed.) c. 272, § 53, which was then in force. Those crimes specified in § 53 are not described in § 16.

The petitioners have argued that it is unreasonable to suppose that the Legislature intended that a conviction of a lesser crime, judged by the penalty fixed, should operate to dispense with the consent of a parent under § 3 of c. 210, but that the conviction of a crime against chastity and morality carrying with it a more severe penalty should not operate in similar manner. It is true, generally, that a statute as a whole should be construed so as "to make it an effectual piece of legislation in harmony with common sense and sound reason." *Dascalakis* v. *Commonwealth,* 244 Mass. 568, 570. *Knapp* v. *Amero,* 298 Mass. 517, 522. But it is established that "Statutes relating to adoption are in alteration of the common law and must be strictly followed in all essential particulars." *Purinton* v. *Jamrock,*

195 Mass. 187, 197, and cases cited. *Davis* v. *McGraw*, 206 Mass. 294, 298. It is also settled that penal statutes are to be construed strictly and that they cannot be extended by implication. *Harvey* v. *Easton*, 189 Mass. 505, 506. *Libby* v. *New York, New Haven & Hartford Railroad*, 273 Mass. 522, 525, 526, and cases cited. Guided by these governing principles we think that it cannot be said properly that the respondent has been convicted of being "a lewd, wanton and lascivious person" within the meaning of G. L. (Ter. Ed.) c. 210, § 3, and hence that, since none of the other causes set forth in § 3 that would serve to dispense with her consent is found to exist, her consent in writing to the adoption is required.

Since the respondent has not consented to the adoption as required by G. L. (Ter. Ed.) c. 210, § 2, and she appeared by counsel at the hearing of the petition for adoption and objected thereto (see §§ 4, 5; *Edds, appellant*, 137 Mass. 346), it follows that a decree should be entered dismissing the petition.

*Ordered accordingly.*