VINCENTA ZALIS *vs.* EDWARD J. KSYPKA & another
(and a companion case[1]).

Suffolk.     January 4, 1944. — February 2, 1944.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Adoption. Probate Court,* Vacation of decree.  *Parent and Child.*

A decree of adoption of a child, entered upon a petition of which a guardian of the child was not given notice, properly was revoked.

A father improperly was found to have "wilfully deserted" his minor daughter during a period when she was in custody of her guardian under decree of a Probate Court.

A decree of adoption of a child entered without the consent of her father, her surviving parent, and without proof that he had deserted her "for one year last preceding the date of the petition" for adoption, was improper under G. L. (Ter. Ed.) c. 210, § 3, as amended by St. 1941, c. 61, which requires proof that during such year the parent both had wilfully deserted the child and also had neglected to provide proper care and maintenance for her.

PETITIONS, filed in the Probate Court for the county of Suffolk on February 11, 1943, and on February 23, 1943.

The cases were heard by *Wilson,* J.

*S. L. Segal,* (*G. T. Lanigan* with him,) for the respondents.

*A. E. Schoepfer,* (*E. C. Sweet* with him,) for the petitioners.

DOLAN, J.   These two cases come before us on appeals from decrees entered in the Probate Court.   In the first case the appeal is from a decree revoking a decree whereunder the respondents, husband and wife, were granted leave to adopt Virginia Anna Ksypka, the minor child of the respondent Edward, her surviving parent, and of Jennie Zalis Ksypka, deceased, his former wife.   In the second case the appeal is from a decree granting leave to the petitioners, Joseph and Vincenta Zalis, the maternal grandparents of Virginia, to adopt her.

The evidence is not reported, but at the request of the appellants the judge made a report of material facts found

---

[1] The companion case is Joseph Zalis & another *vs.* Edward J. Ksypka & another.

by him with respect to the subject matter of the appeals. He also included in his report of material facts his action in denying the petition of the respondents for revocation of a decree dated May 7, 1942, appointing the maternal grandparent Vincenta guardian of the person and estate of Virginia. It does not appear, however, that any appeal was taken by the respondents from the decree denying revocation of this grant of guardianship. Since the evidence is not reported, the findings of fact of the judge must be accepted as true unless self-contradictory, and the only question presented is whether the decrees entered by him could lawfully be entered upon the pleadings and findings. *Mongeau* v. *McKay*, 281 Mass. 101, 102, and cases cited.

The material facts found by the judge may be summed up as follows: The appellant Edward J. Ksypka, hereinafter referred to as Edward, married Jennie Zalis, the daughter of the petitioners, in July, 1937. He then took up his abode with her in the petitioners' home. The child, Virginia, was born on May 21, 1938. Her mother died on September 5, 1941. A few weeks thereafter Edward left the petitioners' home, but Virginia has always continued to live with them and "has been very happy." Edward met his present wife, the respondent Rose, in January, 1942, and they became engaged in May, 1942. Meanwhile Edward was out of work and on the four visits he made to the petitioners' home, during 1942, he borrowed various sums totalling $27 from the petitioner Vincenta. Vincenta was appointed guardian of the person and estate of Virginia on May 7, 1942, with the written consent of her father, Edward. Due to the fact that Edward was "paying nothing whatever toward the support of his child, he was brought into the District Court and on October 23, 1942, given two months in the House of Correction, which he appealed. On November 9, 1942, in Suffolk Superior Court, he was placed on probation for six months; on the previous day, November 8, 1942, he was married to the respondent, Rose . . . ." He "never paid one cent for his child's support until court proceedings forced him to do so." On November 24, 1942, the respondents Edward and Rose filed a petition for the adoption of Vir-

ginia. This petition was allowed on February 4, 1943. No notice of this proceeding was given to the petitioner Vincenta, who was the guardian and custodian of Virginia. This "was not due to any inadvertence or mistake on the part of . . . [these] petitioners" (for adoption) who had advised their counsel of the guardianship. On February 11, 1943, the maternal grandmother filed a petition for revocation of this decree of adoption, and on February 23, 1943, the petitioners filed a petition for the adoption of Virginia. The respondents opposed both petitions. After the judge had filed his report of material facts, the respondents, on May 1, 1943, filed a motion that he amend his report by "stating the date when, after the date of the death of the child's mother, the said Edward J. Ksypka started making payments for the support of said child when 'Court proceedings forced him to do so.'" On August 19, 1943, the judge made the following "voluntary report of further material facts": "I further find that the father, Edward J. Ksypka, willfully deserted his child and I further find that at no time has the said Edward J. Ksypka provided proper care and maintenance for such child," and on the same day denied the respondents' motion above referred to "in view of voluntary Report of Further Material Facts." It appears, however, from the findings of the judge that "court proceedings" were not begun to compel Edward to support Virginia until October 23, 1942, which was just four months before the date of the petition of the grandparents for leave to adopt Virginia.

In view of the conclusion we reach, it is unnecessary to recite the many findings of the judge which would support the conclusion that Edward was not a suitable person to have the custody of Virginia and the decree entered by the judge denying the petition for revocation of the decree appointing the maternal grandmother guardian of her person and estate, from which denial no appeal appears to have been taken.

There was no error in the allowance of the petition for revocation of the decree granting leave to the respondents to adopt Virginia. Under G. L. (Ter. Ed.) c. 210, § 2, it

is provided in part that notice of any petition for adoption shall be given to the guardian of the child, if any. This requirement of the statute was not complied with, no notice having been given to Vincenta, who was then the guardian of the person and estate of Virginia. It is settled that statutes "relating to adoption are in alteration of the common law and must be strictly followed in all essential particulars." *Purinton* v. *Jamrock*, 195 Mass. 187, 197, and cases cited. *Beloin* v. *Bullett*, 310 Mass. 206, 210, 211. Compliance with the provision of § 2 for notice to the guardian of the child, if any, was essential to the authority of the court to grant the adoption. Since this requirement of notice was not complied with, the decree granting leave to the respondents to adopt Virginia was made without authority and the petition to revoke it was allowed rightly. *Clarke* v. *Andover*, 207 Mass. 91, 98, and cases cited.

We now proceed to the consideration of the respondents' appeal from the decree granting leave to the maternal grandparents to adopt Virginia. With respect to this subject matter it is the contention of the respondents that the findings of material facts made by the judge do not support his conclusion that Edward had wilfully deserted his child and "that at no time . . . [had he] provided proper care and maintenance for" her, and that therefore the judge was without authority to grant the adoption without the consent of her surviving parent as provided in § 2.

General Laws (Ter. Ed.) c. 210, § 2, provides in part that a decree of adoption shall not be made without the written consent "of the lawful parents or surviving parent" of the child. By § 3, as amended by St. 1941, c. 61, however, it is provided in part that the consent of a person named in § 2 shall not be required if such person "has wilfully deserted and neglected to provide proper care and maintenance for such child for one year last preceding the date of the petition" for adoption. Wilful desertion and neglect to provide for the period fixed by § 3 must concur. One without the other is not enough. The statute must be followed strictly in all its essential details. *Beloin* v. *Bullett*, 310 Mass. 206, 210–211, and cases cited. The findings of the

judge do not fix the date of the wilful desertion which he found on the part of the surviving parent, Edward. To dispense with his consent it was necessary that the facts found by the judge should support a conclusion that the desertion had continued for one year last preceding the date of the petition for adoption by the maternal grandparents. That petition was dated and filed on February 23, 1943.

We are of opinion that the facts found by the judge do not support the conclusion that, for one year last preceding that date, the respondent surviving parent had wilfully deserted the child. On May 7, 1942, about nine months prior to the date of the petition for adoption by the maternal grandparents, the petitioning maternal grandmother was appointed guardian of the person and estate of Virginia. The petition for guardianship and custody was assented to in writing by the surviving parent, the respondent Edward. This decree was in full force and effect at the date of the petition for adoption by the grandparents. By virtue of this decree, so long as it remained in effect, the respondent Edward did not have the custody of Virginia, and was not under the obligation to provide for her support other than to make any payments for her support ordered by the decree or in any other proper proceeding. *Barry* v. *Sparks*, 306 Mass. 80, 82–83, and cases cited. It is not found in the present case that any order was made in the decree appointing the maternal grandmother guardian of the person and estate of Virginia for her support by her father, and that decree was entered less than a year prior to the date of the petition for the adoption of Virginia by her maternal grandparents. By virtue of that decree her father, Edward, lost the right to the custody, society and services of Virginia so long as it remained in effect, *Barry* v. *Sparks*, 306 Mass. 80, 82–83, and cases cited, and it was in effect at the date of the petition for adoption of Virginia by her maternal grandparents. It seems clear that a parent cannot be said rightly to have wilfully deserted his child while she is in the custody of another with his consent and by a decree of a court of competent jurisdiction, under which he has lost the right to exercise any dominion over her person.

We are of opinion that the facts found by the judge do not support a conclusion that the respondent Edward had "wilfully deserted and neglected to provide proper care and maintenance for . . . [the child Virginia] for one year last preceding the date of the petition" for adoption by the maternal grandparents, or that any other conditions existed that would satisfy the provisions of § 3 relative to the nonrequirement of consent of a parent in certain cases, and that therefore the consent of Edward to the adoption in question was required, and, not having been given, that the judge was without authority to enter the decree allowing the petition of the maternal grandparents for leave to adopt Virginia.

It follows from what we have said that the decree allowing the petition of the petitioner Vincenta for revocation of the decree granting leave to the respondents to adopt Virginia must be affirmed, and that the decree allowing the petition of the petitioners for leave to adopt her must be reversed and a final decree entered dismissing that petition.

*Ordered accordingly.*