WILLIAM LOUIS MERRILL & another *vs.* A. VIOLA BERLIN
& others
(and a companion case between the same parties).

Norfolk.     May 6, 1943. — April 27, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, & WILKINS, JJ.

*Minor. Adoption.*

The welfare of a child is the paramount consideration in determining a petition for his adoption.

On evidence and material facts reported by a judge of probate on petitions by elderly paternal grandparents for adoption of two boys who were of the ages of ten and eleven years respectively and whose parents were dead, this court was of the opinion that the welfare of the boys

would be better served by leaving them in the custody of three women, an aunt and two cousins of their mother, who under the mother's will had been appointed testamentary guardians with custody of the boys, rather than by giving custody of them to the petitioners; and accordingly decrees allowing the petitions were reversed and the petitions were ordered dismissed.

PETITIONS, filed in the Probate Court for the county of Norfolk on June 11, 1940.

The cases were heard by *Poland,* J. In this court the cases were argued at the bar in May, 1943, before *Field,* C.J., *Donahue, Lummus, Dolan,* & *Cox,* JJ., and after the retirement of *Donahue* & *Cox,* JJ., were submitted on briefs to *Qua, Ronan,* & *Wilkins,* JJ.

*E. J. Flavin,* (*D. J. Cohen* with him,) for the respondents.

*J. E. Hannigan,* (*R. S. Sanderson* with him,) for the petitioners.

LUMMUS, J. These are two appeals from decrees of the Probate Court, entered on October 6, 1942, allowing the adoption by the petitioners, husband and wife, of their grandsons Robert Louis Merrill and David Oliver Merrill, now aged eleven and ten respectively, children of a son of the petitioners, Louis Faxon Merrill, and his wife, Helen Akeson Merrill, both of whom are dead. Helen Akeson Merrill survived her husband and died on November 19, 1939, leaving a will, which was proved and allowed, by which she appointed as testamentary guardians of the children her aunt, Hilda S. Berlin, and her cousins, A. Viola Berlin and Florence Berlin, the appellants. The Probate Court appointed them testamentary guardians with custody on May 14, 1940. G. L. (Ter. Ed.) c. 201, § 3. *Wardwell* v. *Wardwell,* 9 Allen, 518. Before that time the children had lived with the petitioners, both before and after the death of their mother. The children have some money of their own. The evidence is reported, and the judge found the material facts.

On October 9, 1940, the petitions by the grandparents for adoption were first heard. The judge saw fit to continue them without decision, leaving the children in the custody of their guardians. The grandparents brought forward the

petitions for adoption at a second hearing on October 5, 1942.

Both the guardians and the grandparents are intelligent, estimable and financially competent persons, deeply interested in the welfare of the children, whose welfare is the paramount consideration in the view of the courts. *Purinton* v. *Jamrock*, 195 Mass. 187, 199, 201. *Von Horn* v. *Curran*, 284 Mass. 120. The question is not whether the guardians can be pronounced "unfit" in any sense. *Richards* v. *Forrest*, 278 Mass. 547. *Perry* v. *Perry*, 278 Mass. 601. *Bottoms* v. *Carlz*, 310 Mass. 29. *Cassen* v. *Cassen*, 315 Mass. 35. We think that they could not be. The only question is whether the best interests of the children would be served by their adoption by their grandparents. If they should be adopted, the grandparents as adopting parents would be entitled like natural parents to the custody of them, unless deprived of custody by judicial decree on the ground of their unfitness. *Bottoms* v. *Carlz*, 310 Mass. 29. See also *Barry* v. *Sparks*, 306 Mass. 80, 84.

There are weighty considerations in favor of the decrees below. The grandparents, though aged, are alert and vigorous, with practical ideas about the care and training of children. They were successful with their own children. The grandfather is a dentist, an outdoor man, and a good companion for the boys, notwithstanding his age. The boys need helpful masculine influence. The household of the guardians, on the other hand, is extremely intellectual and wholly feminine. The grandparents, of equally high character, appear somewhat more mundane and practical. But the younger guardians are athletic, and one of them is experienced in teaching school. The desire of the mother, expressed in her will, is entitled to great respect. *Wardwell* v. *Wardwell*, 9 Allen, 518, 522. The court must balance these various considerations.

Notwithstanding the fact that the judge had the advantage of hearing and observing the parties, we think that on the whole the welfare of the children will be best served by dismissing the petitions for adoption, and leaving the custody in the guardians. No substantial reason is shown why

the custody of the grandmother alone would be better than the custody of the guardians. The advantage of the custody of the grandfather would lie mainly in the beneficial masculine influence that he could exert. But he is now seventy-six years old, and in the course of nature that influence must lessen in force, and probably will cease entirely within a few years. The cousins who are guardians are less than forty-five years old. Looking toward the future, we think that they will prove better custodians of the children than the grandparents.

*Decrees reversed.*

*Petitions for adoption dismissed.*