HELGE G. BROMAN & another *vs.* THOMAS P. BYRNE.

Middlesex.     January 6, 1948. — April 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILLIAMS, JJ.

*Adoption.    Parent and Child.*

Neglect of a father to provide proper care and maintenance for his minor child, as the basis for a decree of adoption of the child without his consent under G. L. (Ter. Ed.) c. 210, § 3, as appearing in St. 1945, c. 300, could not properly be found where it appeared that, during the year preceding the date of the petition for adoption, the child had been in the custody of the mother under a decree of divorce and it did not appear that the father was under any order of court to support the child.

PETITION, filed in the Probate Court for the county of Middlesex on December 17, 1946.

The case was heard by *Leggat,* J.

: *W. F. A. Graham,* for the respondent.

. *M. T. Silverstein,* for the petitioners.

WILLIAMS, J.   This is a petition by Doris A. Broman and Helge G. Broman, her husband by a second marriage, for the adoption of Carolyn Doris Byrne, a child under the age of fourteen years of Doris A. Broman by a former marriage. The respondent is the father of Carolyn and the

former husband of Doris A. Broman.    From a decree authorizing such adoption the respondent has appealed.    The evidence is reported.

The female petitioner (hereinafter called the petitioner) and the respondent were married August 17, 1935.    Carolyn was born January 26, 1937.    In 1941 the petitioner left the respondent, taking Carolyn with her.    According to her testimony she never heard from the respondent after that and received no support from him either for her or for Carolyn.    She left him because of his drinking habits, never asked for any support from him, and did not want her former husband under any conditions to see the child.    On February 10, 1943, the respondent was drafted into military service and served until his discharge on December 10, 1945.    From June, 1943, until the date of discharge allotments of $42 per month for the benefit or support of Carolyn were forwarded by the government to the petitioner.    The present petition was dated December 16, 1946, and filed December 17, 1946.    There is no evidence of the receipt of any government allotments by the petitioner within one year before the date of the petition, although the respondent argues that the last allotment before his discharge must have been received after December 17, 1945, and therefore within one year before the date of the petition.    Other than these allotments the respondent has provided nothing toward Carolyn's support.    It is undisputed that the petitioner was divorced from the respondent on October 28, 1943, on the ground of cruel and abusive treatment, and thereafter on May 26, 1945, married her copetitioner, Helge G. Broman.    While copies of the libel for divorce and the divorce decree are printed in the record, such inclusion apparently was by mistake, as they were never offered in evidence and they cannot be considered by us.

The petition alleges that the "petitioner Doris A. Broman was awarded a decree nisi in the Middlesex Probate Court on October 28, 1943, and was also awarded custody of . . . Carolyn Doris Byrne, and that the child has been living with your petitioner since her birth, and with both of your petitioners since the date of their marriage; . . . that the

father of said Carolyn Doris Byrne has not contributed to her support since January, 1946." The petitioners are bound by the allegations in their petition where no inconsistent or contrary evidence is offered to control them. *Snowling* v. *Plummer Granite Co.* 108 Mass. 100, 101. *Bancroft* v. *Cook,* 264 Mass. 343, 348. *Harvey* v. *Crooker,* 267 Mass. 279, 283. *Markus* v. *Boston Edison Co.* 317 Mass. 1, 7. G. L. (Ter. Ed.) c. 231, §§ 87, 144. There is neither allegation nor proof that the respondent was under the order of any court to make payments for the support of the child.

The respondent has not consented to the proposed adoption but has contested it. By G. L. (Ter. Ed.) c. 210, § 3, as appearing in St. 1945, c. 300, such consent is not necessary if the respondent has "wilfully deserted or neglected to provide proper care and maintenance for such child for one year last preceding the date of the petition." There is no evidence from which it could be found that the respondent deserted his wife and child, nor is it so alleged in the petition. The decree must be supported, if at all, by a finding of neglect to provide for a period of one year before the date of the petition. "At common law a father is entitled to the custody of his minor children and, if of sufficient ability, is bound to support them. . . . Accompanying this obligation to support is the right on the part of the father to the custody, society and services of the child. . . . If the father is deprived of the custody of his child by order of court, . . . the common law duty to support ceases and, apart from statute, his obligation in this respect is then to be determined by judicial decree." *Creeley* v. *Creeley,* 258 Mass. 460, 463. *Foss* v. *Hartwell,* 168 Mass. 66, 67. *Barry* v. *Sparks,* 306 Mass. 80. *Zalis* v. *Ksypka,* 315 Mass. 479. *Smith's Case, ante,* 186. In the present case, after the custody of the child was given by decree to the petitioner, in the absence of any order of court the respondent was no longer liable for its support. *Brow* v. *Brightman,* 136 Mass. 187, 189. *Ryder* v. *Perkins,* 219 Mass. 525. He had no right either to take the child and support it himself or to employ any one else to support it without

the mother's consent. See *Stone* v. *Duffy*, 219 Mass. 178, 181. Since the respondent has not consented to the proposed adoption and it does not appear that he has wilfully deserted or neglected to provide proper care and maintenance for the child in accordance with the provisions of G. L. (Ter. Ed.) c. 210, § 3, the decree is reversed and a decree is to be entered dismissing the petition.

*So ordered.*