DONALD D. HATHAWAY & another *vs.* JAY W. RICKARD.

Middlesex.   November 5, 1948. — December 7, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Adoption. Marriage and Divorce,* Support of child, Decree, Separation agreement. *Parent and Child.*

A provision, contained in an agreement made between husband and wife in contemplation of a divorce proceeding and filed in the divorce court and intended to be a part of the record of such proceeding, which required the husband to furnish support for a minor child but was not to "be included" in any decree entered in the proceeding, could not be said to have been embodied by implication in a decree of divorce awarding custody of the child to the wife but silent as to such support.

Neglect of a father to provide proper care and maintenance for his minor child, as the basis for a decree of adoption of the child without his consent under G. L. (Ter. Ed.) c. 210, § 3, as appearing in St. 1945, c. 300, could not properly be found where it appeared that, during the year preceding the date of the petition for adoption, the child had been in the custody of his mother under a decree of divorce containing no provision for the child's support.

PETITION, filed in the Probate Court for the county of Middlesex on September 23, 1947.

The petition was heard and dismissed by *Leggat,* J., and the petitioners appealed.

In this court the case was submitted on briefs.

*R. G. Wellings,* for the petitioners.

*J. J. Krohn,* for the respondent.

RONAN, J. This is a petition dated August 21, 1947, and filed in the Probate Court for Middlesex County on September 23, 1947, by Donald D. Hathaway and Ruth V.

Hathaway, husband and wife, for the adoption of Nancy Abbott Rickard, a minor under fourteen years of age, a child of Ruth V. Hathaway by her former marriage to the respondent, Rickard. The female petitioner obtained a divorce from the respondent in Florida on February 6, 1942. The decree granting the divorce awarded full custody and control of the minor to her, but it contained no provision requiring Rickard to pay any money for the support of the child. Prior to the hearing upon the divorce, the libellant and the libellee entered into a written agreement which provided that the libellant was to have the custody of the child and that the libellee was to pay to the libellant the sum of $5 each week for the support of the minor, "but such provision shall not be included in any decree, order or judgment which may be allowed or granted in any action or proceeding for divorce." The agreement was filed with the court and was intended by the parties to constitute a part of the record in the divorce proceedings. The respondent in the present case, Rickard, has failed for more than a year preceding the filing of this petition for adoption to pay any money for the support of the child, who since the granting of the divorce has lived with the female petitioner and since the marriage of the latter with the petitioners. No question is raised but that the petitioners are fit and proper persons to adopt the child. The respondent objected to the granting of the petition. The judge dismissed the petition and the petitioners appealed to this court.

The petition alleges that the respondent has failed to contribute to the support of the minor. By G. L. (Ter. Ed.) c. 210, § 2, "A decree for such adoption shall not be made, except as hereinafter provided, without the written consent . . . of the lawful parents . . .," and by § 3, as appearing in St. 1945, c. 300, "The consent of the persons named in section two . . . shall not be required if . . . [they have] wilfully deserted or neglected to provide proper care and maintenance for such child for one year last preceding the date of the petition." These exceptions to the requirement of the written consent of a parent have been strictly construed. *Beloin* v. *Bullett,* 310 Mass. 206. *Zalis* v. *Ksypka,*

315 Mass. 479. *Broman* v. *Byrne*, 322 Mass. 578. There can be no neglect of the respondent to support and maintain the minor unless he was under a legal obligation to do so. But it is established by the law of this Commonwealth that a father is entitled to the custody of his minor child and if of sufficient ability is bound to support him; and that if he is deprived of the custody of the child, his common law duty to support ceases and, in the absence of a statute, his obligation in this respect is to be determined by an order or decree of court. *Creeley* v. *Creeley*, 258 Mass. 460. *Barry* v. *Sparks*, 306 Mass. 80. *Smith's Case*, 322 Mass. 186.

The petitioners are not seeking to enforce the agreement made by the respondent relative to furnishing support for the minor. They state in their brief that the validity of this agreement is immaterial. See *Oakes* v. *Oakes*, 266 Mass. 150, 152; Fla. Sts. (1943) c. 21932; *Fritz* v. *Fernandez*, 45 Fla. 318, 332. Their sole contention is that, as the agreement was made because of the divorce proceedings and was filed in court as an integral part of these proceedings and was intended by the parties, their attorneys and the court to constitute a part of the record of the divorce case, the judge may be said to have approved the agreement and to have embodied it in the divorce decree. We confine our discussion to this contention. The decree, as the parties contemplated, was silent in reference to the support of the minor. The agreement did not expire upon the entry of the decree, and the parties could not have accepted the decree as a substitute for whatever obligation, if any, the respondent assumed under the agreement. *Bailey* v. *Dillon*, 186 Mass. 244. *Welch* v. *Chapman*, 296 Mass. 487. It was not to be incorporated in any decree and the provision relative to support was unaffected by the decree. There is nothing in the record to show that the agreement had been approved by the judge and, even if it had and such approval was mentioned in the decree, the agreement would not thereby become a part of the decree. *Schillander* v. *Schillander*, 307 Mass. 96. *Whitney* v. *Whitney*, 316 Mass. 367. Compare *Emrich* v. *McNeil*, 126 Fed. (2d) 841.

The decree of divorce, so far as appears, did not command

the respondent to do or refrain from doing anything. It cannot properly be construed to contain a provision upon which it is silent and which the parties intended it should not contain. An obligation to do a particular thing, not necessarily included in the performance of an act commanded by a decree, does not arise out of the decree if it makes no mention of the particular thing. No duty to support the minor was imposed upon the respondent by the decree. *Southard* v. *Southard*, 262 Mass. 278, 280. *Farrington* v. *Boston Safe Deposit & Trust Co.* 280 Mass. 121, 127. *Prenguber* v. *Agostini*, 294 Mass. 491. *Boyer* v. *Bowles*, 316 Mass. 90, 95. *Hockeborn* v. *Hockeborn*, 17 N. Y. Sup. (2d) 41.

As the petitioners rest their case upon a decree which did not order the respondent to contribute toward the support of the child, he could not have been found to have "neglected to provide proper care and maintenance for such child" and, he having refused to give his written consent to the adoption, the decree dismissing the petition is affirmed. *Broman* v. *Byrne*, 322 Mass. 578, and cases cited.

*So ordered.*