HERBERT E. KRAKOW & another *vs.* DEPARTMENT OF PUBLIC WELFARE.

Essex.    October 4, 5, 1950. — November 9, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Adoption. Domicil. Minor. Residence. Jurisdiction,* Foreign statute. *Probate Court,* Decree, Adoption proceeding. *Words,* "Residence."

A certain child, born in Massachusetts where his parents had been married and the mother continued to reside, although the father removed to another State, was on the evidence domiciled here either because he had been abandoned by the father or because he was illegitimate.

The fact, that a child domiciled in Massachusetts was living in another State with persons who sought to adopt him here, did not prevent his being a resident here within the provision of G. L. (Ter. Ed.) c. 210, § 1, relating to petitions for adoption by noninhabitants: residence within that provision signifies domicil.

Jurisdiction of a Massachusetts Probate Court over a petition for adoption of a child domiciled here by residents of another State with whom he was living was not barred by the fact that under a law of the other State a similar petition could not have been maintained there.

Lack of an adequate report by the department of public welfare in conformity to G. L. (Ter. Ed.) c. 210, § 5A, precluded the granting of a petition for adoption.

A petition for adoption which could not be allowed solely because of lack of an adequate report by the department of public welfare in conformity to G. L. (Ter. Ed.) c. 210, § 5A, should be dismissed without prejudice.

PETITION, filed in the Probate Court for the county of Essex on October 20, 1948.

The case was heard by *Phelan*, J.

*W. P. Lombard*, (*W. M. Olin* with him,) for the petitioners.

*F. E. Kelly*, Attorney General, & *G. J. Barry*, Assistant Attorney General, for the respondent, submitted a brief.

RONAN, J. This is a petition, filed October 20, 1948, by the petitioners, husband and wife, residents of Brooklyn, New York, for the adoption of Stephen Walter Harrington of Gloucester, who, it was alleged, was born at Malden in this Commonwealth, the child of Clarence B. Harrington of parts unknown and of his wife, Annie M. Harrington. The judge of probate made no report of the facts. The decree dismissing the petition contained a recital that the court had no authority to grant the petition. The petitioners appealed.

The judge at the close of the evidence suggested, as shown by the transcript of the evidence, that there were questions presented concerning the domicil of the husband of the mother of the child, the rights of the petitioners to maintain the petition in this Commonwealth when they were prohibited by the law of New York from securing the adoption there, and the adequacy of the reports filed by the department of public welfare. We do not know precisely on what ground the petition was dismissed.

The mother married Harrington at Rockport in the county of Essex in this Commonwealth on December 20, 1944, and lived with him until January, 1945, when he went overseas. They have not since lived together. He subsequently returned to Texas where he still resides, and she continued to live at her parents' home in Gloucester in this Commonwealth. The child was born at Malden on August 28, 1948, and within a few weeks of his birth was taken by the petitioners, who were of a different religious faith from that of the child, to their home in New York and has since lived there with them. There was evidence tending to show that the mother was deserted by her husband and that the child was abandoned by him. There was also evidence tending

to show that Harrington was not the father of the child. Whichever of these two views of the evidence is adopted — and no other view is possible — it is plain that the domicil of the child was in Gloucester either on the ground that he had been abandoned by his father or on the ground that he was an illegitimate child. *Corkum* v. *Clark*, 263 Mass. 378, 384. *Rolfe* v. *Walsh*, 318 Mass. 733. *Lyons* v. *Egan*, 110 Colo. 227. *In re Adoption of Pratt*, 219 Minn. 414. *Rogers* v. *Commonwealth*, 176 Va. 355. Beale, Conflict of Laws, §§ 10.7, 32.1, 34.1. Restatement: Conflict of Laws, §§ 33 (1) (a), 34. See *Stearns* v. *Allen*, 183 Mass. 404, 409.

Furthermore, the temporary abode of the minor with the petitioners, pending the determination of the petition for adoption, did not change his residence, since the statute, G. L. (Ter. Ed.) c. 210, § 1, as amended, providing that petitions of noninhabitants shall be brought in the county where the minor is a resident, signifies domicil. See Restatement: Conflict of Laws, § 142. Residence is a term of flexible meaning, *Marlborough* v. *Lynn*, 275 Mass. 394, and frequently connotes domicil in statutes regulating certain matters entrusted to the Probate Courts. *Levanosky* v. *Levanosky*, 311 Mass. 638. *In the Matter of the Adoption of Susan* ———, 22 N. J. Misc. 181. *Greene* v. *Willis*, 47 R. I. 375. *Cribbs* v. *Floyd*, 188 S. C. 443. Indeed, the Legislature could not have contemplated that any change in domicil should be effected by reason of the minor living with the petitioners, for no decree granting the petition could have been entered unless the minor had lived with the petitioners for at least six months, G. L. (Ter. Ed.) c. 210, § 5A (now a year, St. 1950, c. 737, § 2), unless this residence requirement was waived by the judge. This provision was intended to furnish the judge with a material piece of evidence in determining whether there were mutual ties of love and affection between the petitioners and the child during this experimental period of six months or a year so that he would better be able to decide whether the granting of the petition would be conducive to the child's welfare. Compliance with this residential requirement, if held to effect a change in the

child's domicil, would bar all petitions by nonresident petitioners. That result could not have been intended by the Legislature.

The intimation of the judge, that the petitioners could not maintain the petition because the law of New York barred the maintenance of a similar petition there, is of no materiality. The jurisdiction of the Probate Court could not be affected by the laws of New York. Whatever view the judge had as to the laws of New York did not constitute reversible error, even if we assume that his ruling of lack of jurisdiction was based on that ground, because the court having jurisdiction over the subject matter and the parties could not grant the petition if the reports filed by the department did not comply with the statute. G. L. (Ter. Ed.) c. 210, § 5A. We now consider that question.

Our statutes "relating to adoption are in alteration of the common law and must be strictly followed in all essential particulars." *Purinton* v. *Jamrock,* 195 Mass. 187, 197. *Beloin* v. *Bullett,* 310 Mass. 206, 210–211. *Zalis* v. *Ksypka,* 315 Mass. 479, 482. *Broman* v. *Byrne,* 322 Mass. 578. *Hathaway* v. *Rickard,* 323 Mass. 501, 502.

The statute, G. L. (Ter. Ed.) c. 210, § 5A, provides that, upon a filing of a petition for adoption of a child under fourteen years of age, notice shall be given to the department of public welfare, which shall make an appropriate inquiry whether the child is a proper subject for adoption and whether the petitioners and their home are suitable for the proper rearing of the child, due regard being given to the race and religion of the child and of the petitioners. The department shall furnish the court with such written report as will give full knowledge as to the desirability of the proposed adoption, and the court may require such further investigation and report as may be necessary. No decree shall be made until such report has been received, nor until the child shall have resided for not less than six months in the home of the petitioners although this requirement of residence may be waived by the court. See now St. 1950, c. 737, § 2.

The Probate Court is charged with the responsibility of

determining whether in the case of a minor child, especially one of tender years as in the instant case, the welfare of the child, which must be considered of paramount importance, will be best served by permitting the adoption. *Purinton* v. *Jamrock*, 195 Mass. 187, 199–200. *Von Horn* v. *Curran*, 284 Mass. 120, 121. *Erickson* v. *Raspperry*, 320 Mass. 333, 335.

An essential aid to the judge is an impartial report by a State agency which, among other things, should inform him as to whether the petitioners are suitable persons to be entrusted with the care, custody, maintenance, and education of the child, and whether their home is a proper place for the bringing up of the child, and which should give due regard to the race and religion of the child and the petitioners and in the main furnish full knowledge as to the desirability of granting the petition. The department made two reports. Both were incomplete and inadequate to accomplish the purpose designated by the statute. The first report stated that the department was unable to complete the investigation. The department sought information from various New York agencies and it was informed that no agency in that State, public or private, would make the home studies requested because of the policy of the statutes of that State which, while not forbidding, do not favor the adoption of one by another of a different religion. The domestic relations law of New York, c. 14, § 113, provides that the judge in making orders for adoption when practicable must give custody only to persons of the same religious faith as the child. The New York social welfare law, c. 55, § 373 (3), contains a provision similar to § 113. But § 373 (5) further provides that, if adoption is granted to persons of a different religion from that of the child, the judge as a part of the minutes of the proceeding shall state or recite the facts which impelled him to grant adoption of a child to one of a different religion. *In the Matter of the Adoption of an Anonymous Child*, 195 Misc. (N. Y.) 6. It was this policy of the State of New York which caused the agencies, which had previously investigated for our department of public welfare residents of New York who applied

for the adoption of a child in this Commonwealth, to cease
to make such investigations. The plain implication of § 5A
of our own statute, which permits the judge to waive the
six months' residential requirement but makes no similar
provision concerning the waiver of an adequate report, is
that the judge cannot waive the requirement of such a re-
port from the department of public welfare. See now St.
1950, c. 737, § 3, inserting a new § 5B in c. 210, which in
substance contains provisions similar to § 113 and § 373 of
the laws of New York. The petitioners did not suggest any
method by which the information sought by the depart-
ment of public welfare could be supplied. We need not de-
cide what the duties of the department would be if a reliable
and impartial source of information had been made avail-
able to the department, for the petitioners, so far as appears,
proceeded to a hearing, assuming that the reports filed by
the department were sufficient. The filing of certain re-
ports by public officers or boards or other official action has
frequently been made a condition precedent to subsequent
proceedings. See, for example, *Duffey* v. *School Committee
of Hopkinton,* 236 Mass. 5; *West Springfield* v. *Mayo,* 265
Mass. 41; *Radway* v. *Selectmen of Dennis,* 266 Mass. 329,
333–334; *Whittemore* v. *Town Clerk of Falmouth,* 299 Mass.
64; *Cambridge* v. *Commonwealth,* 306 Mass. 358; *Adalian
Brothers, Inc.* v. *Boston,* 323 Mass. 629, 631. There was no
error in refusing to grant the petition.

The final contention of the petitioners is that the judge
had no authority to dismiss the petition because § 5A pro-
vides that no decree shall be made upon such a petition
until a proper report from the department of public welfare
has been received. The plain import of this section is merely
to prohibit the granting of a petition where such a report
has not been filed. Lacking a report, the petition could
not be allowed. In the instant case, where there has been
no adjudication upon the merits and where the defect in
the proceedings was not due to any fault of the petitioners,
the petition should be dismissed without prejudice and as
thus modified the decree is affirmed.

*So ordered.*