LEILA MALKIN *vs.* JOHN D. PINE & another, guardians.

Middlesex.    October 7, 1966. — November 4, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Minor. Parent and Child. Guardian,* Of minor.

A guardian of a minor had standing in the interest of his ward to appeal
from a decree of the Probate Court revoking its earlier decree ap-
pointing him guardian. [358]

Material facts reported by a judge of the Probate Court upon a petition
by the mother of a minor supported a decree revoking its earlier decree
appointing the minor's paternal grandparents as her guardians; a con-
tention by the grandparents upon appeal that the judge failed to give
adequate consideration to the effect on the minor of a change in custody
from her grandparents in Massachusetts to her mother in Illinois was
without merit. [359]

PETITION filed in the Probate Court for the county of Mid-
dlesex on March 22, 1965.

The case was heard by *Leggat,* J.

*Avram G. Hammer* for the respondents.

*Edward J. LeCam* for the petitioner.

WHITTEMORE, J.  On petition of the mother of a minor
child, Carla D. Pine, the Probate Court for Middlesex
County by decree of May 27, 1965, revoked its earlier de-
cree, dated September 13, 1963, appointing Carla's pater-
nal grandparents as her guardians with custody.  The
grandparents have appealed.

We assume that the appellants as guardians have stand-
ing to appeal in the interest of their ward and thus to pre-
sent for review the paramount issue of the child's welfare.
See *Merrill* v. *Berlin,* 316 Mass. 87 (guardians prevailed on
appeal from decree allowing adoption of wards by grand-
parents who would have all the rights of the deceased par-
ents); *Duclos* v. *Edwards,* 344 Mass. 544 (decree removing
guardian of children on petition of father, affirmed on
guardian's appeal).  See also *M'Donald* v. *Morton,* 1 Mass.

543 (ward who had been adjudged non compos could appeal from a decree refusing revocation of the guardianship); *Ripley* v. *Brown,* 218 Mass. 33, 35 (trustees of a charitable trust declared invalid could appeal). Compare *Hirshson* v. *Gormley,* 323 Mass. 504, 506–507 (grandparents whose application for guardianship was denied were not aggrieved persons); *Ensign* v. *Faxon,* 224 Mass. 145, 149–151 (guardian of an insane person had no standing to appeal from his discharge on the ground that the ward was no longer insane).

There is nothing in the appellants' contention that the judge failed to give adequate consideration to the effect on Carla of a change in custody. The entire matter was presented in statements of counsel. It appeared that in March, 1963, Carla had been allowed to come from Chicago to her grandparents in Massachusetts until her parents could adjust their marital affairs. The mother, in December, 1963, had obtained a divorce in Cook County, Illinois, and in 1964 had remarried. A good home, adequate earnings, and the new husband's willingness to support the child and assume a father's duties are shown in the report of material facts. "A statement from the Cook County Department of Public Aid was presented stating that they had investigated the petitioner and the petitioner appears to be a warm friendly person and a competent mother." This report "presented" to the judge was, of course, evidence of an appropriate investigation tending to show that the change would not be adverse to Carla's welfare. The decree appealed from shows that the judge gave it weight. The opinion of the grandparents and the statement of an event in 1961, shortly before Carla's birth, neither show nor suggest any error in his so doing. On the report of material facts, both the parent's right and the interest of the child support the decree. *Ridgeway* v. *Gels,* 350 Mass. 274, 281–282. Compare *Wilkins* v. *Wilkins,* 324 Mass. 261.

*Decree affirmed.*