ADOPTION OF A MINOR.

Middlesex. April 9, 1970. — May 8, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Adoption. Jurisdiction*, Minor child, Adoption. *Probate Court*, Jurisdiction.

Where a divorce decree of a foreign State was silent as to the custody or support of a minor child of the parties who had been with her mother for about two years and soon after the decree the mother remarried in that State and came immediately to Massachusetts with her second husband and the child to reside, a Probate Court here properly took jurisdiction of a petition for adoption of the child thereafter filed by her mother and stepfather. [491]

Evidence presented to a judge of probate, respecting a minor child of divorced parents whose father had not contributed to her support or evinced any interest in her from the time of her mother's remarriage to the time three years later when her mother and stepfather, without her father's consent, filed a petition to adopt the child, warranted a decree allowing the petition, and the decree was affirmed as in the best interests of the child. [492]

PETITION for adoption filed in the Probate Court for the county of Middlesex on January 28, 1969.

The case was heard by *Hays*, J.

*James H. Donovan* for the respondent.

REARDON, J.   This is an appeal by the father of a minor child from a decree of the Middlesex Probate Court allowing adoption by the mother and stepfather, who are citizens of Massachusetts, without the consent of the father, following a hearing on the petition.

The transcript of evidence on the hearing is before us and the judge could have found as follows.   The appellant and his former wife were married in Battleboro, North Carolina, on August 21, 1958.   The minor child, Deborah, was born on February 10, 1960.   Her father and mother lived together in North Carolina until September 29, 1963, when they separated.   The mother filed for divorce in North Carolina and was granted a divorce which became final in November, 1965.   The North Carolina divorce decree is

silent on the subject of alimony, support of the child, and rights of custody or visitation. An informal agreement between Deborah's parents produced until December, 1965, $40 a month for her support from the father. On December 19, 1965, the petitioners for adoption were married in North Carolina and came immediately to Massachusetts. Since that time the appellant has not paid any support for his daughter nor has he sent her any cards or presents or otherwise been in touch with her. There is no question of the fitness of the appellees as adopting parents.

The decree of the Probate Court recites the giving of necessary notice and the hearing on the petition for adoption and the objections thereto. The court is satisfied concerning the identity and relations of the persons, "and that the . . . [appellees] are of sufficient ability to bring up said child and furnish her with suitable nurture and education, having reference to the degree and condition of her parents; and that it is fit and proper that such adoption should take place." The principal argument of the appellant is that Deborah was a ward of the North Carolina court and could not be removed legally from North Carolina without the prior permission of the court. It is argued that although the child has been removed from the State of North Carolina she has not been removed from the jurisdiction of the court. However, in this case the North Carolina court made no order upon the custody of the child who had been with her mother since September, 1963, and it would appear to us that jurisdiction on the matter of adoption was in this instance properly exercised by the Massachusetts Probate Court. See G. L. c. 215, § 3, and G. L. c. 210, generally.

Under G. L. c. 210, § 2, written consent of the "lawful parents" in an adoption proceeding is required. *Hathaway* v. *Rickard*, 323 Mass. 501, 502. Such written consent is dispensed with, however, if the parent has "wilfully deserted or neglected to provide proper care and maintenance for such child for one year last preceding the date of the petition . . . notwithstanding the absence of a court decree ordering said parent . . . to pay for the support of said

child . . . ." G. L. c. 210, § 3. Compare *Hathaway* v. *Rickard*, 323 Mass. 501. The legislative history of G. L. c. 210, § 3, discloses a clear intent by the Legislature to relax the requirement of parental consent to adoption when the withholding of consent by a neglectful parent would not be in the best interests of the child. See *Adoption of a Minor*, 343 Mass. 292, 298.

It is clear from the evidence that the father had evinced no interest in the child in the period from December 19, 1965, to the date of the filing of the petition on January 28, 1969. We cannot say that with jurisdiction properly in the Probate Court and with the facts disclosed by the transcript the judge has erred in making his decree, which we also find to be in the best interests of the child.

*Decree affirmed.*