## ADOPTION OF A MINOR.

Essex.   September 16, 1971. — November 8, 1971.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & HENNESSEY, JJ.

*Adoption.*

Where it was found that the divorced father of a child, the mother having remarried, showed no interest in the child's welfare during the twenty-five months' period following the divorce and that adoption was in the child's best interest, a decree permitting the adoption of the child by her mother and the present husband of her mother was not improper, even though the father of the child did not consent to the adoption. [417–418]

PETITION filed in the Probate Court for the county of Essex on September 22, 1969.

The case was heard by *Jekanowski,* J.

*William H. K. Donaldson* for the respondent.

*Robert T. Abrams* for the petitioner.

REARDON, J.   This is an appeal from a decree granting a petition for adoption of a minor.   The petition was brought by the mother of the minor and her present husband.   The child involved is the offspring of the mother and her previous husband, the appellant respondent, who were divorced in 1968 in a proceeding in the Probate Court for the county of Norfolk.   Incorporated in the decree nisi was an agreement between the parties and their trustees which provided inter alia that "the Wife shall at all times hereafter, and until . . . [the minor] the only child of the Husband and Wife, has reached the age of twenty-one (21) years, have the sole control, management, maintenance and guardianship of said minor child. . . . The Wife agrees that the Husband shall have visitation rights at reasonable times, and take the child one week in July of each year, beginning in 1970."   It was further stated in the agreement that the child was amply provided for in the custody of the mother

and that no monies need be paid for support of the child while in such custody.

The probate judge filed a report of material facts in which he found that "in the 25 months since April, 1968 [when the decree nisi was entered], the respondent has taken no interest whatsoever in any aspect of his . . . [daughter's] life." He also found that only upon notice of the petition for adoption was he "moved to send one note and one card to his daughter," and that "the respondent did in fact desert his daughter by his complete lack of interest in her welfare in said 25 month period." In addition to describing the evident financial success of the adopting husband he found that the petitioners constitute "a happy and well adjusted couple who have provided for . . . [the child's] physical and spiritual needs." He further found "the welfare of this young girl to be of paramount importance and on all the evidence . . . [it was] for her best interests to be adopted by the petitioner and her husband . . . ." Whether or not there was wilful desertion of the child within the meaning of G. L. c. 210, § 3, is of no particular moment in this matter for it is apparent that there was a course of neglect for a period of twenty-five months by the father, who had visitation rights under the agreement. As we said in *Adoption of a Minor*, 343 Mass. 292, 298, the "legislative history of G. L. c. 210, § 3, . . . discloses a clear intent on the part of the Legislature to relax the requirement of parental consent to adoption when the withholding of consent by a neglectful parent would frustrate the furtherance of the best interests of the child. See *Adoption of a Minor*, 338 Mass. 635, 640–641." We made reference also to this concept in *Adoption of a Minor*, 357 Mass. 490, 491–492. The findings of the judge indicate that the father showed no interest in the child for a period of twenty-five months, and given the opportunity which the judge had to observe and appraise both parents in granting the petition it would appear he was primarily con-

cerned with the welfare of the child.   We cannot say that he erred.

*Decree affirmed.*