ADOPTION OF A MINOR. November 6, 1972. This is an appeal by the mother from a decree allowing a petition filed January 13, 1971, for the adoption of the child by its father and his present wife. The mother has refused her consent to the adoption, and the question is whether it can be dispensed with under the terms of G. L. c. 210, § 3, as amended through St. 1963, c. 71, § 1. The probate judge's report of material facts shows a lack of any manifested substantial interest in the child on the part of the mother after March, 1968, when she quit the child, two years old at the time, and went temporarily to California. Since then the child has been cared for by the father, and later the father and his present wife. The mother has had only a few arranged visits with the child during the entire period. She did not seek custody or visitation rights in the divorce proceeding against her which was uncontested and ended in a decree in January, 1969, awarding permanent custody to the father. Nor has the mother applied for visitation rights under that decree. The report of material facts supports the conclusion that there has been wilful desertion by the mother within § 3 and accordingly that her consent to the adoption is not required. The successive amendments of § 3 disclose "a clear intent by the Legislature to relax the requirement of parental consent to adoption when the withholding of consent by a neglectful parent would not be in the best interests of the child." *Adoption of a Minor,* 357 Mass. 490, 492. See the amendments of the relevant portion of § 3 by St. 1945, c. 239; St. 1951, c. 674; St. 1952, c. 352; St. 1953, c. 61; Wasserman, Assent to Adoption, 37 Mass. L. Q. (No. 3) 56; 28th Report of the Judicial Council, Pub. Doc. No. 144, pp. 37–38. See also *Adoption of a Minor,* 338 Mass. 635, 640–641; *Adoption of a Minor,* 343 Mass. 292, 298.

*Decree affirmed.*

*Charles R. McCauley, Jr.,* for the respondent.
*Philip P. Weiss* for the petitioner.